Commonwealth ex rel. William A. Witman *v.* Charles H. Ramsay, Appellant.

*Election law—Review—Certiorari—Evidence.*

On a certiorari to an order of the court of quarter sessions in an election contest, the evidence heard and the opinion rendered by the court below form no part of the record, and cannot be considered by the Supreme Court.

In such a case the only duty of the Supreme Court is to see that the successive steps taken in the investigation are in accordance with the statute that has prescribed them, but with the conclusions of the court below or its reasons for adopting them, the Supreme Court has no concern.

In an election contest the Supreme Court will not reverse a final decree because the court below, before proceeding to final hearing, failed to dispose of a petition of certain of the signers of the original petition for leave to withdraw therefrom, a motion to strike off the names of persons alleged not to be electors of the proper ward, and a motion to quash.

Argued March 5, 1895. Appeal, No. 99, Jan T., 1895, by defendant, from order of Q. S. Berks Co., in an election contest. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition to contest the election of Charles H. Ramsay to select council of the city of Reading.

The case was referred to Henry A. Muhlenberg, Esq., as examiner. The record showed that the petition of five electors, signers of the original petition, for leave to withdraw therefrom, had not been disposed of. A motion to quash on the ground that two of the persons signing the original petition were not electors of the proper ward was also not disposed of.

The court proceeded to final hearing, and entered a decree declaring that William A. Witman had received a majority of the legal votes polled, and was entitled to the office.

*Errors assigned* were (1–3) in ignoring the petitions of withdrawal; (4) final decree; (5) in ignoring motion to quash the petition; (6) in the court entering of its own accord the name of William S. Palmer to the list of disqualified voters, returned by the examiner.

*Wm. Kerper Stevens*, of *Stevens & Stevens*, and *George S. Graham*, for appellant, cited, Bender's Case, 5 Pa. C. C. 590; Marshall v. Baldwin, 11 Phila. 403.

*Herbert R. Green, Henry D. Green* with him, for appellee, cited, on the question of review, Chase v. Miller, 41 Pa. 403.

OPINION BY MR. JUSTICE WILLIAMS, March 11, 1895:

This is a certiorari and it brings up for review nothing but the record. The evidence heard, and the opinion rendered, by the court below it is well settled form no part of the record and are not before us, although they are printed in the appellant's paper-book and have aided us materially in understanding the position of the case. The record begins with the petition and the order of the court for notice to the respondent, and it shows the procedure in the case down to the final decree. The petition of five of the persons who signed the original petition for leave to withdraw therefrom, the motion to strike off the names of two persons alleged not to be electors of the proper ward, and the motion to quash, appear on the record and are undisposed of except as the final decree may be said to involve their denial. The reasons why they were not disposed of do

not appear on the record, nor are they made to appear by any evidence of a refusal by the learned judge to hear them. Their disposition may not have been pressed so far as we can know from what is before us, and the mere failure to make a disposition of them before proceeding to final hearing is not under such circumstances a fatal irregularity. Our attention was drawn upon the argument to the disposition alleged to have been made by the learned judge of the votes of several persons who voted on opposite sides, and whose qualifications as found by him are printed in parallel columns.

We might be unable to see in some of these cases why upon the facts he has stated one vote was held to be legal and another to be illegal, if an appeal had been given in this class of cases and we were required to review them on their merits. But an appeal is not given. The merits are not before us. Upon this writ it is our duty to see that the successive steps taken in the investigation are in accordance with the statute that has prescribed them, but with the conclusions of the court below or its reasons for adopting them we have no concern. In common law actions the evidence is no part of the record. If reduced to writing and placed on the files it does not thereby become a part of the record: France v. Ruddiman, 126 Pa. 257 ; Poor District of Warsaw v. Poor District of Knox, 107 Pa. 301. In such actions, facts may be put upon the record by the parties in a case stated, by the court, by allowing a bill of exceptions, and by the jury by means of a special verdict, Bank v. Earley, 113 Pa. 477—but unless brought on the record in one of these ways they form no part of it. But in proceedings like that before us that are creatures of a statute and are provided for a specific purpose, we must look to the statute for the extent to which the judgment is reviewable. In this case no form of review is provided. Our supervisory control is that only which may be exercised on certiorari; and that does not extend to a review of the questions decided. For this reason we must overrule the assignments of error.

We affirm the judgment because upon the record before us we have no power of review.