# Wylie's Appeal.

*Contested election—Act of 1874, P. L. 208—Averments in petition.*

In an election contest instituted by petition under Section 18 of the Act of May 19, 1874, P. L. 208, it is not necessary for the petitioners to aver in their petition as a jurisdictional fact that they voted at the election for the office contested but they are only required to aver that they voted at the general election out of which the controversy grows.

Argued February 25, 1913. Appeal, No. 305, Jan. T., 1912, by A. D. Wylie and G. W. Gilbert, et al., petitioners, from judgment of Q. S. Lackawanna Co., Dec. Sessions, 1911, No. 207, quashing petitions in re contested election of the Fifth Ward of the City of Carbondale, Etc., office of Poor Director. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Petition for contest of an election. Before NEWCOMB, J.

At the election on November 7, 1911, in the Fifth Ward of the City of Carbondale there were two candidates for the office of poor director in said ward, namely, Patrick Flannelly and Fred Sluman. On the face of the returns Patrick Flannelly was elected. After the election, a number of citizens of the ward presented a petition alleging that they were qualified electors who voted at the election and that in connection with said election a number of frauds were committed. A motion to quash was filed by Patrick Flannelly. Court sustained the motion to quash the petition. Petitioners appealed.

Error assigned was the action of the court in quashing the petition.

*A. A. Vosburg*, with him *Joseph B. Jenkins*, for appellants.

*M. J. Martin,* with him *John J. Toohey,* for appellee.

OPINION BY MR. JUSTICE ELKIN, March 10, 1913:

Only one question need be considered in the present case. Was it necessary for petitioners to aver in their petition as a jurisdictional fact that they voted at the election for the particular office contested, or were they only required to aver that they voted at the general election out of which the controversy grows? Section 18 of the Act of May 19, 1874, P. L. 208, 211, provides the method of instituting an election contest. It shall be by petition made and filed in the proper court within thirty days after the election. The petition shall concisely set forth the cause of complaint, showing wherein the election was undue or illegal, and in the class of cases to which the one at bar belongs it shall be signed "by at least twenty-five qualified electors who voted at the election contested." The petition was filed within the statutory period and was signed by thirty-seven qualified electors of the election district. It was verified by seven of the petitioners, two more than the act requires. The affidavit also met the requirements of the statute, so that in all these respects the petitioners did everything required of them by law in order to institute the contest proceeding. No objection is made to the petition on any of these grounds. The learned court below quashed the petition on the sole ground of failure to aver that the petitioners had voted for persons who were candidates for the office of poor director at the general election in 1911. It was held that this was a jurisdictional fact without which the petitioners had no standing to commence the proceeding. This ruling was predicated upon what was suggested to be the interest of the parties necessary to qualify them to institute the proceeding. The learned trial judge evidently held the view that the petitioners must have some kind of an interest in the result of the election contest as it applied to the particular office in question in order to

qualify them under the act. This clearly appears from that part of the opinion in which it was stated that: "If the petitioners voted for the office of poor director then they have the statutory interest and were qualified to sue; otherwise they are not." This, it seems to us, is drawing the sight too fine in an election contest proceeding. Every citizen has, or should have, an interest in honest elections, while very few electors have any special interest in the person chosen to fill a particular office. In no proper sense can an election contest be regarded in the nature of litigation between private parties, and the rule as to the interest a private litigant must have has no proper application to an election contest in which the public has an entirely different kind of an interest, although a vital one to the maintenance of good government. As was said by Mr. Justice WILLIAMS, in Moock v. Conrad, 155 Pa. 586, 598: "It is very clear, therefore, that a contested election is not a matter of private litigation between rival candidates for office, but an official inquiry made at the instance and on behalf of the electors for the purpose of ascertaining whether the returns made by the election officers correctly represent the votes cast." This is the spirit in which the Act of 1874 should be interpreted, and when so construed the words of the act upon which the present controversy depends must be understood to mean just what they say. The petition must be signed by twenty-five "qualified electors who voted at the election contested." The election was held November 7, 1911, and the petitioners aver that they voted at that election. The contest in the present case grows out of that election, and it would seem to be impailing the petitioners on a very sharp point to say that they had no standing in court because they failed to aver that they had voted for some of the candidates for the office of poor director. This is especially true in the light of the petition filed by the original signers asking leave to amend, in which it was averred that all of the qualified electors who signed

the original petition voted for the office of poor director at the election contested. This certainly met every requirement of the act, even if there was doubt about the sufficiency of the original petition. The amendment was in time and should have been allowed, but even without the amendment we think the original petition was sufficient.

Decree quashing the petition reversed, petition reinstated and record remitted for such further hearing as the petitioners are entitled to under the law. Costs of this appeal to be paid by appellee.