## In re: Washington Road.

*Roads—Road views—Locus of road—Act of June 7, 1907, P. L. 444.*

A road which begins in one township and ends in another and does not occupy the division line, except where it bisects it, is not a public road between two or more townships as contemplated in the Act of June 7, 1907, P. L. 444.

Under Section 1 of the Act of April 21, 1846, P. L. 416, the courts of quarter sessions have power to vacate public roads whether laid out by authority of law or existing by prescription or lapse of time and generally over all roads, except private roads, resting upon express grant, the evidence of which is still in existence. Where a petition avers that the road has been opened for a period of forty years, the court of quarter sessions has jurisdiction.

*Roads—Road views—Board of viewers—Composition of—Act of June 23, 1911, P. L. 1123.*

To refer a report back to the same viewers who sat in the original view for review is not improper. The Act of 1911, provides for a permanent board of view and fixes the minimum number at three

462        In re: WASHINGTON ROAD.

and the maximum at nine. Necessarily, occasions will arise where the same viewers will be required to consider matters which they have passed upon heretofore.

*Roads—Road review—Report of viewers—Harmless error.*

Where no wrong or injury has resulted to any party in interest, from an alteration in the petition for the vacation of the road, even if made after the presentation of the petition, the order of the court will not be set aside.

Where there is no evidence, either in the record or the deposition of the witness submitted, that the hearing of the board was held in any other place than as provided by the provisions of the Act of 1911, the proceedings will be presumed to have been conducted in strict accordance with the act.

Argued April 16, 1919. Appeal, No. 92, April T., 1919, by Arthur Hughes, Exceptant, from the order of Q. S. Greene Co., Sept. Sess., 1917, No. 1, overruling exceptions to report of viewers vacating road lying partly in Washington Township and partly in Franklin Township, Greene County, and known as the Washington Road. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Exceptions to report of viewers. Before RAY, P. J.

The facts are stated in the opinion of the Superior Court.

The court overruled the exceptions and confirmed the report.

*Error assigned* was the order of the court overruling the exceptions.

*David R. Huss*, and with him *Carl J. Crawford*, for appellant.

*James Inghram*, for appellees.

OPINION BY TREXLER, J., July 17, 1919:

There are eighteen assignments of error. This is the third view had of the road in question, the prior two re

ports in favor of the vacation of the road, having been set aside for technical reasons.

An examination of the draft reveals that the road begins in one township and ends in another. It does not occupy the division line of the townships except at the place where it crosses at right angles. The appellant argues that the proceedings must be considered as having been begun under the Act of June 7, 1907, P. L. 444. That act provides that whenever any public road "is between two or more townships or on any division line between the same," and has become useless, inconvenient or burdensome, the court of quarter sessions may upon petition signed by at least fifteen property owners of each township, "change or vacate the whole or any part of the said road." By no stretch of language can it be said that the road in question lies between two townships. "The word 'between' indicates an intermediate space, which excludes and cannot include that to which it refers. If land be granted between one township and another, both are clearly excluded from the grant. If land, described as lying between lot number one and lot number three, is conveyed, it cannot be pretended that either lot or any part thereof passes by the deed": Phila. v. Citizens, etc., Ry. Co., 151 Pa. 128 (137). All statutes are to be construed so as to give them operation if the language will permit, instead of treating them as meaningless: Howard Association's App., 70 Pa. 344. In order to attach any meaning to the first clause and make it applicable to a possible situation, we must consider the conjunction "or" as coördinating the two clauses. Each clause thus being the equivalent of the other and the latter defining or clarifying the first. It may be argued that if we apply the same sense to both clauses, the use of the first was entirely unnecessary. There is force in this argument but we are met with a situation which must be taken as it is and the construction we place on it may not be very satisfactory but it seems to be the only one possible. It is not necessary to a decision of the case to

so state, but it may be that the act was intended not only to apply to roads situate on township lines but such as crisscross such lines. However, this may be, we are convinced that the act does not apply to roads that merely bisect such lines at one point.

Objection is made that the provision of the act above referred to (Act of 1907), that fifteen property owners of each township shall sign the petition has not been followed. If we are right in the view we have taken, the above act does not apply to the case before us and of course the objection falls. We, however, do not wish to be understood as giving our assent to the alternative proposition, that if the Act of 1907 applies the petition is fatally defective. There are thirty signers to the petition. The presumption is, that the proceedings were regularly instituted. If the objection had been promptly made we presume the petition could have been amended so as to affirmatively show that the petitioners were qualified. As the statute does not expressly require the qualifications of the petitioners to be averred, its omission is not cause for reversal: Road in South Abington Twp., 109 Pa. 118; Road in Borough of Bellevernon, 15 W. N. C. 232.

Section 1 of the Act of April 21, 1846, P. L. 416, gives power to the courts of quarter sessions to vacate public roads whether laid out by authority of law, or existing by prescription or lapse of time and generally to all roads, except private roads, resting upon express grant, the evidence of which is still in existence. There is objection made that the petition does not state that the road was opened under any act of assembly, i. e. by authority of law. The petition states that there is no record of the road in the quarter sessions and that the road has been opened for over forty years. That is a sufficient statement of the status of the road. It is clear that the road was opened long enough to be designated as a road "by prescription." The power to vacate follows from the express provision of the act.

The second exception is that the road is useless to the residents of said township. This is trivial. The one who drafted the petition evidently followed the form book too closely. The words objected to may be treated as surplusage.

Objection is made that two of the viewers were not impartial, but were prejudiced and biased viewers, because they were viewers in the proceedings to vacate this particular road and because they had, after their appointment passed an opinion on the matter submitted to them before the hearing. We have already held in Public Road in Roaring Brook Township, No. 23, March Term, 1919, that since the Act of 1911 limits the board of viewers in a county to nine viewers and allows a minimum of three, necessarily the same viewers in the contemplation of the act can serve in cases of review, or where reports are set aside, on the same road several times. This may sometimes create an awkward situation but it arises out of the necessity of the case. The question of fact involved as to whether the viewers had expressed themselves as to the necessity of the vacation prior to the hearing was for the court. The viewers contradicted the statements attributed to them and this court is not the place to settle that controversy.

The exception that the petition and order do not agree as to the description of the road cannot be sustained. There is a slight difference between the two but the description of the road by courses and distances is the same in both cases.

Complaint is made that the notice to the supervisors and county commissioners was not given in compliance with the law. The record shows that the supervisors and commissioners accepted service of the notice of the time and place of the proposed application and of the place of meeting of the viewers, but even if this were not so, a perusal of the Act of March 29, 1905, P. L. 69, requiring such notice applies only to the laying out, opening and construction of new roads.

Another exception complains that a material altera-
tion was made on the petition by some one in the interest
of the petitioners after the same had been presented to
the court and the viewers had been appointed. It is al-
leged that the figure stated the distance of the ending of
the road proposed to be vacated from a certain inter-
secting road 6.776 and that this was changed to 6776.
The matter was called to the attention of the court and
we see no reason why his comments upon this exception
should not be considered as sufficient reason for dismiss-
ing it. They are, in part as follows, "There is nothing
whatever before us to show by whom the alteration was
made, or in whose interest. That there was an erasure at
the point indicated is apparent from an inspection of
the petition, but such inspection does not reveal what
mark or figure, if any, was erased. If the number was ex-
pressed decimally it is evidently no more and no less
than a clerical mistake and subject to be rectified on ap-
plication. It appears further that no wrong or injury
has resulted to any party in interest from the alteration
complained of even if made after the presentation of the
petition."

Complaint is made that the report of viewers vacates
only a part of said road, the part lying in the Township
of Washington. The only basis for this argument is the
selection of a sentence from the report of viewers and
making the word "points" apply to certain figures im-
mediately preceding it. Reference is made to the plot
or draft of the road vacated and it is very evident that
the word "points" referred to the termini of the road.
There can be no doubt as to this when we consider the
whole report.

Another exception is that the petition and order were
merely directed to vacate the road, while the Act of 1907
provides that the court shall change or vacate such road.
Sufficient answer to this is that we above decide that the
Act of 1907 does not apply to the case we are consider-
ing.

461, (1919).]          Opinion of the Court.

Another exception is that the hearings were not held in accordance to the provisions of the Act of June 23, 1911, P. L. 1123. We again quote from the opinion of the court, "There is no evidence before us, either in the record, or in the depositions of the witnesses submitted, that hearings of the board in this matter were held at any other place than the court house or otherwise than publicly, as provided by the said Act of 1911." After an examination of the report, we think this is a correct statement.

All the assignments of error are overruled and the decree of the court is affirmed.