# Snodgrass's Case.

*Elections—Contest—Petition—Averments — Qualified electors— Amendment—Time—Practice — Bill of particulars — Demurrer — Act of May 19, 1874, P. L. 208.*

1. A petition to contest an election under the Act of May 19, 1874, P. L. 208, may, on cause shown and allowance by the court after notice to the other party and hearing, be amended, even after the time limit for initiating the proceeding has expired, as to all matters which merely concern exactness or particularity in the petition, as distinguished from the omission of facts expressly required to be originally pleaded therein.

2. The court may properly permit an election contest petition to be amended by adding to an averment that the signers were qualified electors a further averment that they voted at the election in controversy.

3. The contestee, if he doubts the qualifications of the signers, ican, by rule for bill of particulars, insist on an averment in that regard, so that, if the facts thus developed should justify this course, he may demur to the petition; but, on demurrer in the first instance, he cannot successfully object to such a supplemental averment being made.

*Elections—Ballots—Names of candidates—Same person candidate on two parties—Mistake in omitting initial under one party— Confusion.*

4. In a proceeding by a number of electors to contest an election the court properly entered an order declaring the election invalid where it appeared that James A. Snodgrass, Republican; H. B. Cutshall, Democrat, and H. Cutshall, Prohibitionist, appeared as

candidates for the office of sheriff on the printed ballots and the court found that H. B. Cutshall and H. Cutshall are the same person; that the printing of the name H. Cutshall on the ballot was an error, H. B. Cutshall being in fact the nominee of the Pro- hibition party and that the ballot was printed in a form calculated to mislead and deceive the voters, and therefore probably affected the result of the election.

5. Not decided whether the same person can have his name on the ballot more than once.

*Supreme Court, practice—Review—Ruling favorable to appel- lant—Assignments of error—Bills of exceptions.*

6. The Supreme Court will not, as a rule, pass on rulings of the court below favorable to appellants.

7. An assignment of error containing the testimony of numerous witnesses, violates the rule of court prohibiting the joining of more than one bill of exceptions in an assignment of error.

Argued April 27, 1920. Appeal, No. 292, Jan. T., 1920, by James A. Snodgrass, from order of Q. S. Craw- ford Co., Feb. Sess., 1920, No. 7, declaring the election of sheriff invalid, in case of the Contested Election of James A. Snodgrass for Sheriff of Crawford Co. Be- fore BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Petition to contest election. Before PRATHER, P. J.

The facts are stated in the opinion of the Supreme Court.

The court declared the election invalid. James A. Snodgrass, respondent, appealed.

*Errors assigned,* among others, were (1) (2) over- ruling motion to quash proceedings, (3) allowing amendments to petition, (7) (12) findings of court quoted in opinion of Supreme Court, quoting record.

*C. Victor Johnson,* with him *Wesley B. Best, O. Clare Kent* and *Otto A. Stolz,* for appellant.

*Albert L. Thomas,* with him *Geo. F. Davenport* and *J. W. Smith,* for appellees.

OPINION BY MR. JUSTICE MOSCHZISKER, May 17, 1920:

December 4, 1919, forty-one residents of Crawford County commenced a proceeding to contest the election of James A. Snodgrass as sheriff; the court below, after duly holding the contestants' petition to be in proper form, directed it filed. December 22, 1919, amendment was permitted, against the objection of respondent, by adding to an averment that the signers were qualified electors, a further allegation that they "voted at the general election held Tuesday, November 4, 1919, being the election under contest." The allowance of this amendment is the first matter of attack we are called upon to consider.

The proceeding is regulated by the Act of May 19, 1874, P. L. 208, which, by section 16, confers jurisdiction upon the court of quarter sessions to hear and determine contests of the present class. Section 18 provides that the original petition must be filed within thirty days after the election, and that this "shall not be amended unless such amendment shall be allowed by the proper court or judge after notice to the other party and hearing." The present amendment was allowed after notice and hearing; but, Snodgrass, the appellant, contends that, the thirty days having expired, the court had no power to permit the change in question.

The act provides that a petition like the one before us shall be signed by "at least twenty-five qualified electors, who voted at the election contested"; but it does not prescribe that the petition shall contain an averment as to the qualifications of the signers.

The contestee, if he doubts the qualifications of the signers, can, by rule for bill of particulars, insist on ample averment in that regard, so that, if the facts thus developed should justify this course, he may demur to the petition; but, on demurrer in the first instance, he cannot successfully object to such a supplemental averment, for the statute fully recognizes the right of the court to allow the original pleading to be amended.

Therefore, all matters which merely concern exactness or particularity in the petition, as distinguished from the omission of facts expressly required to be originally pleaded therein, may, on cause shown, be amended, even after the time limit for initiating the proceeding has expired: Washington Road, 72 Pa. Superior Ct. 461, 464.

The amendment we are now considering falls within the category just referred to, as indicated by our decision in Contested Election of Welti, 3 W. N. C. 165; there jurisdiction was attempted to be conferred, after the expiration of the time fixed by law, by permitting an amendment to the original petition, showing it to be signed by twenty-five qualified electors who vote at the election, a lack of such required signers being at least tacitly admitted by the petition to amend. The opinion states: "The application to amend does not set forth a mere defect in form and that the court had jurisdiction in fact under the original petition, [as] it does not appear in the petition for the amendment that the original petitioners were qualified electors who had voted at the election. It is therefore unnecessary to decide whether a petition presented by the requisite number of qualified electors, who had voted at the election, [thus] giving jurisdiction in fact within the proper time, may be amended, in its form merely, by setting out the fact." The petition for the amendment at bar is avowedly made by "the same persons who signed the original petition," and they aver that each of them is a duly qualified elector, who voted at the election in question; hence the application was to have the petition amended in its "form merely" (as suggested in the above-quoted opinion), by setting out what were preëxisting facts relative to the status of the original signers, which character of amendment the Welti case plainly (although it does not so decide) intimates may properly be allowed.

The syllabus to Wylie's App., 239 Pa. 510, is misleading; there the petition contained an averment that the signers voted at the election, but it failed to say they

voted for the particular office in contest. Only one question was presented—Was it essential to aver the last-mentioned fact?—and that was decided in the negative. While there are confusing dicta in the case, yet it is apparent, when the opinion is read with the real matter for determination in mind, that we did not decide the question here involved—Must an election contest petition, in the first instance, contain an averment that the signers are qualified electors who voted at the election in controversy?—for, since such an averment was actually in the petition, ex necessitate the point could not have been before the court. Moreover, it may be seen from the report of the case that the real point which Mr. Justice ELKIN had in mind concerned the qualifications which had to be possessed by the signers, and not what must be averred respecting those qualifications; but, however that may be, toward the end of the opinion, referring to an amendment of the same general character as the one at bar (which the printed paper-books show was offered long after the thirty days), we say: "The amendment was in time and [although the matter contained therein was not essential to the life of the petition] should have been allowed."

We conclude that no error was committed either by the refusal to quash contestants' petition or in allowing the amendment under discussion.

The court below found that James A. Snodgrass, Republican; H. B. Cutshall, Democrat, and H. Cutshall, Prohibitionist, appeared as candidates for the office of sheriff on the printed ballots submitted to the voters at the election in November, 1919, receiving the following votes: Snodgrass, Republican, 5,160; H. B. Cutshall, Democrat, 4,896; H. B. Cutshall, Prohibitionist, 1, and H. Cutshall, Prohibition, 380; that H. B. Cutshall and H. Cutshall are the same man; that the printing of the name "H. Cutshall" on the ballot was an error, H. B. Cutshall being in fact the nominee of the Prohibition party.

The testimony of many witnesses who voted at the election was taken, and the evidence shows a prevailing conflict of opinion among them whether two or three separate and distinct men were candidates for the office of sheriff; but the trial judge found, "from the evidence offered as to the identity of H. B. Cutshall and H. Cutshall, there can be only one conclusion, namely, that they are one and the same man." To this finding is added a further one, that the ballot was printed in a form "calculated to mislead and deceive the voters, and therefore probably affected the result of the election."

The trial judge refused to cumulate the vote in favor of Cutshall, and thus declare him elected over Snodgrass, who received the certificate of election; but, as the latter, and not the former, has taken this appeal, we need not pass upon the propriety of that ruling; nor is it necessary to consider the legal right of Cutshall to have his name on the ballot more than once, for the fact appears that, rightly or wrongly, it was there in one form or another, under two different party designations, and printed in such manner as to confuse.

The court below well says: "So far as the contestants are concerned, this is not a candidate's case, but the people's case [Wylie's App., 239 Pa. 510, 512, and authorities there cited]; the purpose of the election is to get the fair expression of the voters. The voters would not see the ballot until they went to vote, and were then without means to inform themselves as to the correctness of the names upon the ballot, as well as without means to correct any error therein......It therefore becomes our duty, according to the provisions of the Act of April 14, 1897, P. L. 23, to declare the election of the sheriff invalid." An order was made accordingly, which is now assigned for error.

There can be no question as to the jurisdiction of the quarter sessions in the premises, or of its right to enter the order complained of. On principle, the case now

before us is undistinguishable from Foy's Election, 228 Pa. 14, where we discuss the relevant act of assembly.

Here, there was no attempt to determine any question concerning the validity of the nominations for the office of sheriff. The trial court confined itself solely to the question of the identity of one of the candidates, named as the nominee on two party tickets, the manner in which his name appeared on the ballot at the general election, and the consequent confusion of the voters; this in no sense infringes anything ruled by us in Von Moss's Election, 219 Pa. 453, or in the other cases cited by appellant.

We shall not discuss in detail the numerous assignments, further than to say none indicates reversible error, and that the thirty-fourth, which covers fifty-two printed pages, violates our rules in several particulars; among other defects, it contains testimony of numerous witnesses, referring to "more than one bill of exceptions": see Chestnut Hill & S. H. T. R. Co. v. Montgomery County, 228 Pa. 1, 8.

The assignments which are in proper form we overrule; the others are dismissed. The decree is affirmed; the costs of this appeal to be paid by appellant.