# Commonwealth *v.* Daily, Appellant (No. 1).

*Appeals—Diminution of record—Criminal law—Murder.*

1. The rule in certiorari sur diminution of record in civil cases, where the return of the court below is accepted as conclusive, and the complaining party is left to his action for false return, does not

necessarily govern in criminal cases, and especially after a conviction of murder of the first degree.

2. In a murder case, the appellate court will on suggestion direct various papers offered by the prisoner at time of sentence and stenographer's notes as to occurrence at that time to be brought up, although the trial judge has certified that such papers and notes are not properly part of the record in the case.

3. After such records and notes are brought up, the appellate court will then decide if they properly constitute part of the record for the purpose of review, and will make such order as may be warranted.

Argued February 25, 1924. Suggestion for writ in nature of certiorari sur diminution of record. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Writ allowed.

*James H. Gray,* and *Joseph F. Weiss,* for appellant.

*Samuel H. Gardner,* District Attorney, and *Harry A. Estep,* Assistant District Attorney, for appellee.

PER CURIAM, February 5, 1924:

On the suggestion of appellant, a writ in the nature of certiorari sur diminution of record issued from this court on January 15, 1924, requiring the court below to "certify and send to us, together with this writ, on or before the fourth Monday of January, 1924, a paper designated 'Motion for a New Trial,' dated September 14, 1923, with an affidavit of appellant attached thereto, a certified transcript of the notes of a statement by appellant just prior to pronouncement of sentence on December 7, 1923, and the remarks of the court made in reference thereto, so far as they appear on the stenographer's notes, and the petition of appellant filed in said court on January 4, 1924, and the opinion and order of the court made on said petition, as they appear in the records of said court;" we have before us a return from the Honorable JAMES R. MACFARLANE stating that these papers and

stenographer's notes have never been made, and are not, properly, part of the record in the case.

The rule in certiorari sur diminution of record in civil cases, here relied on, where the return of the court below is accepted as conclusive, and the complaining party is left to his action for false return, does not necessarily govern in criminal cases. A civil suit for false return is of little avail to a prisoner in jail, and when, as here, the record involves sentence of death for a capital offense, it would be practically of no avail to leave the prisoner to his civil remedy; therefore the authorities cited in the brief submitted by the Commonwealth do not control.

It is now ordered that all of the above mentioned papers and stenographer's notes, after the latter have been transcribed and certified by the stenographer, shall be transmitted to this court, and we will then decide, in view of the return of the judge of the court below, and such supplemental statement of facts as he may add thereto, how far, if at all, they properly constitute part of the record for purposes of review, after which judgment, this court will make such order in the premises as may be warranted.

See the next case.