# Plains Township Election Returns.

*Election law—Computation of returns—Election contest—Common pleas judges—Powers—Ministerial function—Strict construction—Appeals—Jurisdiction of appellate court—Certiorari—Diminution of record—Acts of January 30, 1874, P. L. 31; May 19, 1874, P. L. 208; April 18, 1919, P. L. 72; May 19, 1923, P. L. 269.*

1. In determining the scope of the jurisdiction of the appellate court in election cases, a distinction is made between a computation of election returns by a court of common pleas under section 13 of the Act of January 30, 1874, P. L. 31, and its supplements, and an election "contest," tried and determined by a court of quarter sessions under the Act of May 19, 1874, P. L. 208, passed in pursuance of article VIII, section 17, of the Constitution.

2. In a computation proceeding, the power of the common pleas to correct errors is limited to cases where the returns are missing, or palpable fraud or mistake is specified by the complaint of a qualified elector under oath, or is apparent on the face of the return. Honest errors of law on part of election officers are not subject to review in such a proceeding.

3. The computation board may, when investigating alleged or apparent "palpable fraud or mistake" in the return, direct the opening of the ballot boxes, and a recount of the votes, but, under the Act of May 19, 1923, P. L. 269, such inquiry "shall not be deemed a judicial adjudication to conclude any contest."

4. The common pleas judges, when acting as a computation board, are for the most part exercising ministerial and not judicial functions, and accordingly their powers must be strictly limited to those granted by the act of assembly.

5. In "contest" cases, the powers of the court are broader, but even then there is no legislative grant of a right of appeal, and the record cannot be taken up by writ of error; the appellate court can only exercise general supervisory powers on certiorari as enlarged by the Act of April 18, 1919, P. L. 72.

6. In making an examination of the record in certiorari under the Act of April 18, 1919, P. L. 72, the appellate court may see whether the findings of the court below in contested election cases are sustained by the evidence, and may review the order or decree appealed from, the same as if it had been entered on the verdict of a jury.

7. The Act of 1919, however, was intended to apply alone to strictly judicial proceedings in courts of record, as such, and hence does not serve to enlarge the powers of review of the appellate court in a computation proceeding.

8. So far as the return judges act ministerially, the appellate court is without authority to control them on a review by certiorari.

9. The refusal of the judges acting as computation board to attach to the record memoranda in the nature of tally sheets made during the recount, but not required to be made by the statute, represents a ministerial rather than a judicial decision, and therefore the evidence leading to it cannot be brought on the record by an application for a certiorari sur diminution of the record.

10. The practice of granting a rule to show cause why there should not issue a writ of certiorari sur diminution of the record in the peremptory form is equivalent to the former practice of first issuing the writ in the alternative form, but it is not intended to supersede it.

Argued April 14, 1924. Rules for certiorari sur diminution of record in appeals, Nos. 300, 301 and 302, Jan. 7, 1924, from orders of Q. S. Luzerne Co., Nos. 423, 456, and 457, Nov. T., 1923, in re Computation of Vote for School Directors of Plains Township. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER, and SCHAFFER, JJ. Rules discharged.

Rules for certiorari sur diminution of record.

*W. A. Valentine* and *R. B. Alexander,* with them *Herman J. Goldberg,* for appellant.

No printed brief for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May 19, 1924:

These three appeals by the same person will be disposed of together; each case presents an application for a certiorari sur diminution of record in proceedings held by the Court of Common Pleas of Luzerne County, sitting as a board to compute the election returns for the office of school director in Plains Township.

On petition of a duly qualified elector, charging fraud and mistake in the election returns, the court,—in compliance with section 13 of the Act of January 30, 1874, P. L. 31, as amended by the Acts of April 28, 1899, P. L. 127, May 6, 1909, P. L. 425, and May 19, 1923, P. L. 267, —summoned the election officers and others concerned, ordered certain ballot boxes opened, and directed a recount under its supervision. No fraud or mistake being disclosed, the judges approved the returns, and directed the votes cast to be recorded as originally certified.

Appellant contended that, during the recount, records, or memoranda in the nature of tally sheets, were made and signed by the election officers, and that these should be included in the record for purposes of appeal. Thus is presented the question, Are these memoranda properly

part of the record? This involves a consideration of the nature of a computation proceeding, and of the scope of our jurisdiction on review.

First of all, it is important to distinguish between a computation of election returns by a court of common pleas under section 13 of the Act of January 30, 1874, P. L. 31, with its various amendments, recited above, and an election "contest" tried and determined by a court of quarter sessions under the Act of May 19, 1874, P. L. 208, passed in pursuance of article VIII, section 17, of the state Constitution.

In a computation proceeding, the power of the common pleas court to correct errors is limited by the act to cases where the returns of an election district are missing, or palpable fraud or mistake is specified by the complaint of a qualified elector under oath, or is apparent on the face of the return. The jurisdiction does not extend over matters which do not directly relate to the computation of votes actually cast, or to the obtaining of missing returns, or the correction of fraudulent or erroneous ones; dishonesty or fraud in making the return, the absence of a return, or error of fact in the return made must be the basis of the computing board's actions. It is not the tribunal to review honest errors of law on the part of election officers, such as may be raised in the case of a contest; for discussion on this point see 28th Congr. Dist. Nom., 268 Pa. 313, 319, 320; In re 15th Division, 22d Ward, 18 Pa. Dist. R. 193, and 25th Division, 47th Ward, 18 Pa. Dist. R. 210.

The computation board is given considerable latitude within its jurisdiction as defined by the legislature, and, if "necessary to a just return,"—that is, when investigating alleged or apparent "palpable fraud or mistake" in the return,—it may direct the opening of ballot boxes and a recount of the votes (Carbondale Election Returns, 280 Pa. 159); but, as already pointed out, the jurisdiction of the board is measurably restricted, a limited field of power being allotted to it. In the words of a learned

Pennsylvania judge, "The very fact that the decision is to be rendered within three days after the day the returns are brought into court for computation precludes any extended inquiry" (ENDLICH, J., in Bertolet's Case, 2 Pa. Dist. R. 849, 850) ; and, again, the act expressly provides (1923, P. L. 269) that the "inquiry [in such cases] ......shall not be deemed a judicial adjudication to conclude any contest." The common pleas judges, when acting as a computation board, are for the most part exercising ministerial, and not judicial, functions (for discussion on this point see Thompson v. Ewing, 1 Brewster 67, 79, 82, 85) ; and, accordingly, their powers must be strictly limited to those granted by the act of assembly.

On the other hand, in contest cases,—where the petition must claim an "undue or illegal" election (sec. 18, Act of May 19, 1874, P. L. 208; Cole's Election, 223 Pa. 271; Wylie's App., 239 Pa. 510),—the powers of the courts are much broader: Krickbaum's Contested Election, 221 Pa. 521; Foy's Election, 228 Pa. 14; Cramer's Election Case, 248 Pa. 208; Pfaff v. Bacon, 249 Pa. 297; Snodgrass's Case, 267 Pa. 494. But even here it is well settled that, since the proceeding is entirely statutory in its nature, and there is no legislative grant of a right of appeal, the aggrieved party may not bring the record before us on a writ of error (Von Moss's Election, 219 Pa. 453, 454) ; though this does not affect the exercise of our general supervisory powers on certiorari: 28th Congr. Dist. Nom., 268 Pa. 313, 321; Foy's Election, supra, 16.

Originally, neither the evidence nor the opinion of the court formed a part of the record on certiorari (Election Cases, 65 Pa. 20, 30, 38), unless made so by agreement of the parties: Com. v. Ramsay, 166 Pa. 642, 644; 20 C. J. 267, footnote 67. Later, the scope of our inquiry widened to permit an examination of the opinion of the court below in order to discover the basis of its action (Independence Party Nom., 208 Pa. 108, 111; 28th Congr.

Dist. Nom., supra, 321), and recently, by the Act of April 18, 1919, P. L. 72, the legislature provided that "In any proceedings heretofore or hereafter had in any court of record of this Commonwealth where the testimony has been or shall be taken by witnesses, depositions or otherwise, and where an appeal has been or shall hereafter be taken from the order, sentence, decree, or judgment," such testimony shall be duly certified and filed, and "shall be reviewed by the appellate court, as part of the record, with like effect as upon an appeal from a judgment entered upon the verdict of a jury in an action at law, and the appeal so taken shall not have the effect only of a certiorari to review the regularity of the proceedings in the court below." This statute supplements the record, and may, in effect, enlarge the scope of our review on certiorari (Scranton v. Peoples Coal Co., 274 Pa. 63, 68) in cases to which it applies.

Since the Act of 1919, on certiorari "We examine the proofs to see whether there is any evidence to warrant the findings of the trial court, or to sustain the action complained of (Hand's Case, 266 Pa. 277, 281), but in making such examination, the prevailing presumption still holds 'that everything was done rightly and according to law' (Brown v. Ridgway, 10 Pa. 42, 43)": Pasquinelli v. Southern Macaroni Mfg. Co., 272 Pa. 468, 476. Thus, under the Act of 1919 we are enabled, by an examination of the record on certiorari, to see whether the findings of the court below in a contested election case are sustained by evidence, and to review the order or decree appealed from, the same as if it had been entered "on the verdict of a jury"; but the act is intended to apply alone to strictly judicial proceedings in courts of record, as such, and, hence, does not serve to enlarge our powers of review over a computation proceeding. As previously noted in this opinion, the powers and duties of the computation board are for the most part ministerial in their nature; they could just as well have been entrusted to a nonjudicial body. In fact, this is done to

some extent by the act before us, since it provides (1923, P. L. 270) that in counties where no judge is qualified to sit, the register of wills, the sheriff and the county commissioners shall constitute the board.

So far as the return judges act ministerially, we are without authority to control them on a review by certiorari (Com. v. Justice, 34 Pa. 165, 173); as correctly stated in 11 C. J. 120, it is only where the proceedings are judicial or quasi judicial in nature that revisory jurisdiction attaches in this form. We need not now determine generally which of the actions of the board partake of one character and which of the other; for it is quite clear that the refusal to attach to the record the memoranda here involved represents a ministerial, rather than a judicial, decision, and, therefore, the evidence leading to it cannot be ordered on the record for review. The Act of January 30, 1874, P. L. 31, as amended by the Act of May 19, 1923, P. L. 267, 269, indicates of what the record proper shall ordinarily consist, when it says, "the vote as so computed and certified, shall be made a matter of record in said court."

It is important to note, however, that, like in other special proceedings where powers not of a common-law nature are conferred on a court and it files an adjudication or opinion, stating findings of fact and conclusions of law, as the basis of its judicial action, we will review the case on certiorari in the light of such of these facts and conclusions as are material to the issues within the jurisdiction of the court (Matter of Franklin Film Mfg. Corp., 253 Pa. 422); and, on such review, we will determine, from the record as made up by the court below, whether or not the return judges exceeded their judicial powers or abused their legal discretion in disposing of the matters placed within their jurisdiction: see Carbondale Case, supra; Cramer's Election Case, supra, 210; 28th Congr. Dist. Nom., supra, 321. Appellant does not contend that the return judges, in their judicial or quasi judicial capacity, exceeded the jurisdiction con-

ferred on them, or abused their legal discretion, in making the present computation; as before said, the sole complaint is that, at the time of the recount, certain memoranda were made and signed by the election officers, and that these should be included in the record so that we might consider them on review.

Upon the filing of the petitions alleging diminution of record, and after rules granted upon them, the common pleas judges filed returns that they had "no record on the subject other than, or additional to, the record as already certified." If a computation proceeding were of a strictly judicial nature, the answer of the court below would be conclusive upon us, and complainant would be left to his action for a false return: Flagg v. Searle, 31 Leg. Int. 101; Com. v. Daily (No. 1), 280 Pa. 57. The proceeding, being nonjudicial, it may be that the answer of the computation board is less conclusive, but we are of opinion that in no case can a certiorari sur diminution of record issue where, as here, it relates to memoranda which the statute regulating the proceedings does not mention, and which is prepared, not as a duty, but in the exercise of an administrative discretion,—in short, which forms no necessary part of the record.

In lieu of issuing certiorari sur diminution of record in the alternative form (Monaghan's Penna. Appellate Practice, p. 497), which is the customary way in such cases, there were granted, in the present instance, rules on the court below to show cause why writs in peremptory form should not issue. This procedure is equivalent to the former practice, but is not intended to supersede it. We may add that, although the appeals before us question orders of the court of common pleas and the answers to the rules above mentioned were made by the judges of that court, these rules and the appeal writs were directed to the quarter sessions, because the records involved were in the latter's custody, having been certified to it by the common pleas for use in an election contest. No question respecting possible practical com-

plications thus suggested has been raised on these appeals, however, and our views on the substantial points for decision render the consideration of such questions unnecessary.

In each of the three appeals the rule before us is discharged.