# Parsons' Borough Election Returns.

*Election law—Opening ballot box—Computation proceeding—Fraud—Act of May 19, 1923, P. L. 267.*

1. A petition to open a ballot box and count the votes will not be granted where petitioner fails to aver that the result of the election was in any way affected by the alleged errors of which she complains, and the averments of fact in the petition do not present an instance of "palpable fraud and mistake" within the meaning of section 13 of the Act of May 19, 1923, P. L. 267.

2. Where the real point which the petitioner seeks to have reviewed is whether ballots marked in a prescribed manner, should have been counted "as a matter of law" for certain persons, and there are no sufficiently specific averments of fraud as to this, the petition presents a question for an election contest, and not one for consideration in a computation proceeding.

Statement of Facts—Opinion of the Court. [281 Pa.

Submitted May 26, 1924. Appeal, No. 351, Jan. T., 1924, by Eliza Doland, from order of Q. S. Luzerne Co., Sept. T., 1923, No. 521, dismissing petition to open ballot box, in matter of Impounding of Ballot Box for South Ward, First District, Parsons Borough. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Petition to open ballot box. Before Fuller, P. J.

The opinion of the Supreme Court states the facts.

Petition dismissed. Petitioner, Eliza Doland, appealed.

*Error assigned* was order, quoting record.

*Andrew Hourigan, Herman J. Goldberg* and *W. A. Valentine,* for appellant.

*Richard B. Sheridan, John V. Kosek* and *E. F. McGovern,* for appellee.

Per Curiam, July 8, 1924:

At a municipal election held November 6, 1923, appellant was an unsuccessful candidate for school director in Parsons Borough; she filed a petition in the Court of Quarter Sessions of Luzerne County, praying that the ballot box be opened and the votes for the office in question recounted; relief was refused and this appeal followed.

Though the phrase about to be quoted is used in a general way by the petitioner, yet her averments of fact, if taken as true, do not present an instance of "palpable fraud or mistake" within the meaning of section 13 of the Act of May 19, 1923, P. L. 267; besides, petitioner fails to aver that the result of the election was in any way affected by the alleged errors of which she complains. Moreover, the real point which appellant desires reviewed, namely, whether ballots marked in a described

manner should, "as a matter of law," have been counted for certain persons, presents a question for an election contest (Pfaff v. Bacon, 249 Pa. 297, 304), and the petition lacks sufficiently specific averments of fraud, connected with this question, to render it one proper for consideration in a computation proceeding. In Plains Township Election Returns, 280 Pa. 520, we recently examined the general subject here involved.

Under these circumstances, there is no necessity for discussing the jurisdiction of the court below or other points suggested by the record.

The appeal is dismissed.