## In re Primary Election.

*Election law — Petition to open ballot-box for fraud or error — Act of May 25, 1921.*

1. A petition to have the ballot-box in a particular division opened under section 15 of the Act of May 25, 1921, P. L. 1125, is a mere form of pleading, and where an answer is filed, it is the duty of the court to hear testimony on the pleadings.

2. Section 15 of the Act of July 12, 1913, P. L. 719, as amended by the Act of May 25, 1921, P. L. 1125, which provides that, "upon petition and the sworn affidavit of three qualified electors" of an election precinct, etc., the Court of Common Pleas *may*, at any time prior to the completion of the computation, cause the entire vote thereon to be recounted, by substituting the word "may" for the word "shall," as contained in the amendment of July 9, 1919, P. L. 839, makes an essential change in the law and vests in the court a discretion as to its action in any pending matter.

3. The section requires that the petition shall be sustained by three separate and distinct affidavits of three separate electors, and the act is not complied with where the petitioners join in one affidavit.

4. Where it was not alleged in the petition, nor shown by the testimony at the hearing, that there had been any particular act of fraud or error committed in holding the election, and there was no evidence proving what the official returns showed the count to be, nor any allegation or proof that a recount would change the result of the vote in the division, the court refused to open the ballot-box.

Petition for the opening of ballot-box of the 21st Division of the 1st Ward. C. P. No. 1, Phila. Co., Sept. T., 1925, No. 1978.

*A. R. Clapp* and *T. R. White*, for petitioners.

*J. Lee Patton*, for election officers.

BARTLETT, P. J., Sept. 25, 1925.—In this case a petition was filed by three electors of the division under the provisions of the Act of May 25, 1921, P. L. 1125. Section 15 of this act, relative to the opening of ballot-boxes, provides as follows: "Upon petition and the sworn affidavit of three qualified electors of any election precinct, division or district of any county that, upon information which they consider reliable, they believe an act of fraud or error, although not manifest upon the general return of votes made therefrom, has been committed therein, the Court of Common Pleas *may*, at any time prior to the completion of the computation and canvassing of all the returns for the county, open the ballot-box of such election district and cause the entire vote thereof to be recounted. . . ."

The petition filed did not comply strictly with the terms of the act of assembly, in that there were no separate affidavits filed with the petition, but the court made the order; subsequently, an answer was filed and the matter went to a hearing.

A petition is a mere form of pleading, and where an answer is filed, it is the duty of the court to hear testimony upon the pleadings.

In consequence of practice heretofore followed in this court as upon petition and answer, the court ordered a hearing on Sept. 22, 1925, on the original petition.

Upon the testimony taken it appeared that one of the parties who had sworn to the petition had voted for Judge Glass, and he had signed the petition in question at the request of some one else, and stated: "They told me a couple of days later. They came after me—it was on Sunday morning—with some blank to sign. . . . I told him I voted, and he said, 'That is all.'"

This testimony, of course, did not accord with the averments of the petition and nullified it. Subsequently, an amended petition was filed to the same

effect as the original and no testimony was taken thereon. This was in substance a new petition.

The petitioners stated to the court they stood upon the testimony taken at the hearing upon the original petition.

The answer filed to the petition denied all the allegations. Under those circumstances, it is incumbent upon the petitioners to sustain their petition by competent proof, indicating the probability of fraud or error.

As was so well stated by Judge Wickersham in the case of the Republican Primaries, 2nd Precinct of the 7th Ward, Harrisburg, 4 D. & C. 419: "It is not alleged in the petition, nor have we been advised by counsel at the argument of this case, what particular act of fraud or error was committed in holding the election in the 2nd Precinct of the 7th Ward, or how it would affect the final result in the computation of the votes now being conducted by the return-board; nor is it alleged that a recount of said votes cast in said precinct would change the result as it appears in the return of the election officers: Somerset Primary Election, 26 Dist. R. 519-523. . . ."

Prior to the passage of the Act of 1921, the Act of 1919, relative to the opening of ballot-boxes, contained a provision that "the ballot-boxes *shall* be opened upon the sworn affidavit of three qualified electors." This was materially changed by the Act of May 25, 1921, P. L. 1125, which provides: "Upon petition and the sworn affidavit of three qualified electors of any election precinct, . . . the Court of Common Pleas *may*, at any time prior to the completion of the computation, cause the entire vote thereof to be recounted. . . ."

This vested in the Court of Common Pleas a discretion as to its action in any pending matter and it likewise requires that a petition, as well as the affidavit of three qualified electors, be filed with the court.

In the instant case, there was no such petition filed, as the act requires, and, although there were such irregularities as pointed out above, the court proceeded to take the testimony; when, for the above informalities in the petition, the court should have dismissed it for not having been filed in conformance with the terms of the act.

It was not alleged in the petition, nor was it shown by the testimony, there was any particular act of fraud or error committed in holding the election, nor was the probability of such fraud or error shown; there was no testimony or evidence proving what the official return showed the count to be, taken before the commissioners computating the vote, nor was there any allegation or proof that a recount would change the results of the vote of this district. The case lacks testimony on all of these particulars, and the original petition being void and the amended petition, which, in fact, was a new petition, being filed, and no testimony taken in support thereof, we feel that under the authority of the case decided by Judge Wickersham in 4 D. & C. 419, and the practice heretofore in such cases, the order of this court is correct.

". . . Computation proceedings are intended to be held promptly and to be disposed of expeditiously so that returns may be quickly made and nominations certified without . . . delay." See 21st Senatorial District Nomination, 281 Pa. 273, 277-78.

If upon petition and affidavits merely using the words of the act, ballot-boxes would have to be opened in any instance, when we stop to consider there are over 1400 election divisions in this city, it becomes apparent that the count would be interminable and the expense to the county enormous; hence, the necessity for not setting a precedent that would warrant such action. When proper petitions are filed and the testimony justifies it, the court would

In re Primary Election.

not hesitate to open the ballot-box. See, also, Parsons' Borough Election, 281 Pa. 205.

It might likewise be pointed out in election contests where petitions are filed, the petition must state with clearness and precision the facts which, if sustained by proof, would require a court to set aside the result of an election. Numerous cases in the Supreme Court can be cited in support of this proposition, as well as lower court decisions.

It has likewise been held that petitions in contested election cases, signed in blank, have been quashed. For the above reasons, the petition in the above case is dismissed.