# Nomination Certificate of John S. Robb, Sr.   In re Petition of Foley.

*Election law—Appeals—Jurisdiction—Acts of June 10, 1893, and July 9, 1897.*

The jurisdiction of the judges of the court of common pleas of Dauphin county on exceptions to the form and validity of certificates of nomination filed with the secretary of the commonwealth is by the Act of June 10, 1893, P. L. 419, as amended by the Act of July 9, 1897, P. L. 223, exclusive and final, and no appeal to the Supreme Court lies from their decrees. The Supreme Court may, however, inspect the record on certiorari to determine whether the lower court has exceeded its powers, or has grossly abused the discretion conferred by the statute.

Authority to inquire whether there be a political party such as is represented in a certificate of nomination, and whether in substantial accord with the rules of such party the certified candidate was nominated, is given to the court of common pleas of Dauphin county by the statute, both expressly and by necessary implication. If it appears from an inspection of the record and opinion that the judge of the court of Dauphin county has not exceeded his statutory powers, nor has abused the discretion reposed in him, the Supreme Court cannot go further and inquire whether the judgment of the court below on the whole case was correct, for that would be treating the certiorari as an appeal, without any authority, common-law or statutory, so to do.

Argued October 26, 1898. Certiorari Nos. 9 and 10, May T., 1899, on petition of Patrick Foley et al., in C. P. Dauphin Co., in the matter of the nomination certificate of John S. Robb, Sr., for judge of the court of common pleas No. 3, of Allegheny county. Before GREEN, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Nomination certificate of John S. Robb, Sr.

*W. B. Rodgers* and *J. M. Stoner*, for petitioners.—It seems to be perfectly clear that this court will look into the opinion, not for the purpose of revising the judgment of the lower court as to any matter committed to it, but for the purpose of finding out what, in point of fact, the court did, and whether what it did do was within the powers committed to it by law: Donoghue's App., 5 Pa. Superior Ct. 1; Vaux's App., 109 Pa. 503.

*Robert Snodgrass*, contra.—No appeal lies in this case: Carpenter's Case, 14 Pa. 486.

Under a certiorari the evidence upon which the findings of the judge are based is not subject to review; neither is the opinion of the court brought upon the record. This court could not, and would not if it could, undertake to inquire into the merits of the controversy, especially after the final order had been made, and the secretary of the commonwealth had acted in pursuance thereof.

PER CURIAM, October 28, 1898:

The nomination certificate in this case was filed, under the act of June 10, 1893, as amended by that of July 9, 1897, known as the Baker Ballot Law. The jurisdiction of the judges of the court of common pleas of Dauphin county on the exceptions to the form and validity of the certificates filed with the secretary of the commonwealth is, by the act, exclusive and final, and no appeal to this Court lies from their decrees. This is conceded by counsel for the candidate. But, viewing the proceedings before us as upon certiorari, a writ which removes the record of the lower court into this Court for review, there is no question as to our jurisdiction. In fact, counsel for the objectors to the certificate concede our jurisdiction in this form of proceeding. Nor could it be denied under the several acts of assembly and the constitution of this commonwealth. But the scope of our inquiry in this form is very limited; it extends to a mere inspection of the record to determine whether the lower court has exceeded its powers, or has grossly abused the discretion conferred by the statute. This has been so conclusively settled by repeated decisions that it would be a waste of time to discuss the subject. And conceding, as argued by the candidate's counsel, that we may look into the opinion of the court below [see 7 Dist. 577] to ascertain if he has exceeded his statutory powers or has abused the discretion reposed in him, that opinion only shows, affirmatively, he did neither; for authority to inquire, whether there be a political party, such as is represented in the certificate, and whether in substantial accord with its own rules the certified candidate was nominated, is given by the statute both expressly and by necessary implication. We cannot go further

and inquire whether the judgment of the court below on the whole case was correct, for that would be treating the certiorari as an appeal, without any authority, common law or statutory, so to do.

The record being strictly regular, and there being no abuse of discretion, the decree is affirmed and the writ dismissed.