# Von Moss's Election.

*Election law—Certiorari—Appeals—Scope of the review—Nomination certificates.*

Contested elections are regulated entirely by statute. The statute declares what court shall have jurisdiction and directs the course of procedure in such contests. Unless an appeal is given by statute to the party aggrieved by such proceedings, no appeal lies to an appellate court by which the merits of the case can be reviewed.

Where the proceedings in an election contest have been brought into the appellate court by certiorari, the inquiry of that court extends to a mere inspection of the record to determine whether the lower court had exceeded its powers, or had grossly abused the discretion conferred by the statute. The appellate court cannot go further and inquire whether the judgment of the court below on the whole case was correct.

The jurisdiction to determine questions as to the form and validity of nomination certificates is exclusively in the court of common pleas by objections filed to the certificate, and not in the court of quarter sessions. The latter court in an election contest cannot consider such questions; and where the proceedings in the contest are carried into the Supreme Court by certiorari, the Supreme Court cannot consider them.

Argued Oct. 30, 1907. Appeal, No. 72, Oct. T., 1907, by Charles Von Moss, from order of Q. S. Allegheny Co., Dec. Term, 1905, No. 79, issuing a certificate of election to George Wolff in the matter of the Election Contest of Charles Von Moss. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Petition in an election contest.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*Harvey Henderson*, with him *Trimble & Chalfant* and *John H. Henderson*, for appellant, cited as to the jurisdiction of the Supreme Court: Chester County Republican Nominations, 213 Pa. 64.

*John Marron*, of *Marron & McGirr*, for appellee.—In certiorari the merits cannot be reviewed; they belong exclusively to the court below: Election Cases, 65 Pa. 20; Robb's Nomination, 188 Pa. 212; Independence Party Nomination, 208 Pa. 108.

The courts have no power to pass on the validity of nomination certificates or papers, unless objections have been filed under nomination acts: Van Storch's Nomination, 12 Pa. C. C. Rep. 253; Jobes's Nomination, 12 Pa. C. C. Rep. 253; Commonwealth v. Martin, 6 Dauph. County Rep. 248; Thomas's Nomination, 6 Dauph. County Rep. 245.

OPINION BY MR. JUSTICE MESTREZAT, January 6, 1908:

At an election held in the eighth ward, Allegheny, in Allegheny county, on February 21, 1906, Charles Von Moss was returned as elected to the office of alderman and justice of the peace for said ward. A petition was presented to the court of quarter sessions of Allegheny county by thirty qualified electors of said ward, contesting the election of Von Moss. To this petition an answer was filed, and an examiner was appointed with instructions to open the ballot box and count the ballots and make a report to the court. The examiner having performed his duties and made his report, the court after due consideration found that George Wolff had received a majority of the legal votes polled at said election for the office of alderman and justice of the peace of the ward, and declared him regularly and lawfully elected to the office. Von Moss has brought the record into this court for review on a certiorari.

Contested elections are regulated entirely by statute. The statute declares what court shall have jurisdiction, and directs the course of procedure in such contests. Unless an appeal is given by statute to the party aggrieved by such proceedings, no appeal lies to an appellate court by which the merits of the case can be reviewed. In the case in hand, the aggrieved

party has taken a certiorari, and that brings simply the record into this court. Our inquiry, therefore, is circumscribed, "it extends to a mere inspection of the record to determine whether the lower court has exceeded its powers, or has grossly abused the discretion conferred by the statute. . . . We cannot go further and inquire whether the judgment of the court below on the whole case was correct, for that would be treating the certiorari as an appeal, without any authority, common law or statutory, so to do:" Robb's Nomination Certificate, 188 Pa. 212.

An examination of the record in this case shows that the court below had jurisdiction, and that the proceedings were regular and according to the statutory requirements. Jurisdiction is conferred on the court of quarter sessions to hear and determine contests of election for aldermen and justices of the peace. Under the facts presented in this case, as clearly shown by Judge YOUNG's opinion, it became necessary to open the ballot box and have the votes recounted, the court very properly saying: "This case turns upon the correct count of the ballots cast, and there is only one way to get a correct count and that is by recounting the ballots." The court found, on the recount of the ballots, that Wolff had a majority of two votes cast for alderman and justice of the peace of the ward, and awarded a certificate of election to him.

It appears from the history of the case that Wolff and Von Moss both filed with the county commissioners certificates of nomination as candidates of the democratic party for the office of alderman in the eighth ward. Exceptions were filed to the Von Moss certificate prior to the election, but were not disposed of by the court because they were not filed within the time required by the statute. The commissioners printed Wolff's name upon the ballots as the nominee of the democratic party. There were thirteen straight democratic ballots and eleven split democratic ballots which were counted for Wolff, and which the appellant claims should have been counted for him because he had filed with the commissioners his certificate of nomination as the candidate of the democratic party. The appellant's first assignment alleges error in counting these votes for Wolff. It will be observed that it

is not claimed that the thirteen straight ballots and eleven split ballots were not cast for Wolff, but the allegation is that Wolff's name should not have been placed on the ballots as the democratic nominee, and that Von Moss's name should have been placed on the ballots as the democratic nominee, and therefore those votes should have been counted for Von Moss.

On this writ of certiorari we cannot inquire into the question raised by this assignment, and determine whose name was entitled to be placed on the ballot as the candidate of the democratic party for alderman in that ward. That question cannot arise upon this record, and hence we cannot consider it. The jurisdiction to determine questions as to the form and validity of nomination certificates is exclusively in the court of common pleas by objections filed to the certificates, and not in the court of quarter sessions, whose record we now have before us for review. Each candidate had an opportunity to have the legality of the other's nomination certificate tested in the common pleas before the election. The statute makes express provision for a proceeding for such purpose, and either party could have gone into the common pleas and had the legality of the other's certificate determined, thereby giving the democratic electors a candidate to vote for. It seems that this was attempted by one of the parties, but the provisions of the statute not having been complied with the objections to the certificate were not pressed. If the appellant here is injured by his failure to have his opponent's certificate declared illegal in the manner pointed out by the statute, he must assume the responsibility, and is not in a position to ask another court, and one without jurisdiction, to hear his complaint, and later to insist upon an appellate court, equally without jurisdiction, to remedy his alleged ills.

The petition filed by the contestants in this case does not raise the question of the validity of the certificates filed by the candidates, but avers that George Wolff was legally elected to the office of alderman by a majority of the votes cast in the ward, but " by reason of improper influences the said (election) boards improperly and fraudulently changed said return in the first election district of said ward and certified a return showing a majority of one vote for Charles Von Moss." The answer of Von Moss, the appellant, raises the

question as to Wolff's name being properly on the ballot as the democratic candidate. It is clear, however, that the court below could not hear and determine the question, or, if it did hear and determine the question, we cannot review the conclusion of the court on this certiorari.

Without further discussing the subject it is sufficient to say that we find that the court below had jurisdiction of this election contest, and that all of its proceedings, so far as disclosed by the record, are regular and within the statutory requirements. It therefore follows that the order of the court must be affirmed.