## Washington Party Nominations.

*Election law—Appeals—Certiorari—Nomination papers.*

1. A proceeding in the Common Pleas to determine the legality of nomination papers is purely statutory and without appeal. The findings of fact and the merits of the case are not subject to review.

2. On certiorari under the general supervisory powers of the court the jurisdiction of the appellate court is limited to an inspection of the record to determine whether there are substantial irregularities or defects of jurisdiction.

Argued Oct. 17, 1912. Appeals, Nos. 7, 8, 9, 10, 11, 12 and 13, May T., 1913, from orders of C. P. Dauphin Co., Jan. T., 1913, Nos. 9, 85, 120, 121, 156, 172 and 173, in Proceedings for Nomination Papers of Washington Party. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Objections to nomination papers.

At the hearing before McCARRELL, J., the petitioner made the following offer:

Mr. Bergner: We propose to prove by the witness on the stand and by other witnesses who will follow him, that they are members of the Washington Party and have been members of the Washington Party from a date prior to August 1st, being members of a political organization intending to support a certain man, Theodore Roosevelt, for President of the United States, but not then having a name; that they continued members of that political organization after the 1st of August, when the name Washington was adopted to denominate that party or policy and are still members of that party; that that party by nomination papers, regularly and properly filed on the 17th day of August, 1912, nominated George M. Wertz for Senator in the 35th Senatorial District, Jesse L. Hartman for Congress in the 19th Congressional District and D. P. Weimer and Dr. Blair for members of the lower house in the Legislature of Pennsylvania from the Second Legislative District of Cambria County; that such nominations were made by nomination papers bearing much more than the requisite number of signatures, all of which signatures are the signatures of bona fide members of the Washington Party and who have been members of the Washington Party since its formation; that the signatures to these papers are much larger in number than the signatures to the papers nominating the contesting candidates; that said nomination papers were circulated and signed after meetings held and organization formed through and by members of the Washington Party, at which meetings the nominations of the persons named were made and the persons present instructed to have the papers properly signed; all this to show that the Washington Party as the same on the 17th day of August existed in Cambria county, and as it now exists, nominated Wertz for Senator in the 35th Senatorial District,

Hartman for Congress in the 19th Congressional District and Weimer and Blair in the 2nd Legislative District as candidates of the Washington Party of Pennsylvania.

Mr. Snodgrass: Objected to for the same reason as heretofore stated, no pretense to connect that with the affidavits filed upon which this party rests. It is not proposed to do that, no connection with the affidavits at all.

The Court: The offer is excluded and an exception noted.

*Error assigned* was above ruling on evidence quoting the bill of exceptions.

*H. W. Storey,* for appellants.

*Robert Snodgrass,* with him *Homer Shoemaker* and *Alvin Evans,* for appellees.

PER CURIAM, October 17, 1912:

A proceeding in the Common Pleas to determine the legality of nomination papers is purely statutory and without appeal. The findings of fact and the merits of the case are not subject to review. On certiorari under the general supervisory powers of this court our jurisdiction is limited to an inspection of the record to determine whether there are substantial irregularities or defects of jurisdiction: Robb's Nomination, 188 Pa. 212; Independence Party Nomination, 208 Pa. 108; Von Moss's Election, 219 Pa. 453. The only assignment of error relates to the overruling of an offer of testimony and it does not present a question that we have jurisdiction to consider. The appeals are dismissed and the order of the Court of Common Pleas of Dauphin County is affirmed.