## Padden's Contested Election.

*Election law—Amendment—Appeal—Practice, Supreme Court—Assignments of error.*

1. On an appeal to the Supreme Court in an election contest, the appellant will not be permitted to raise questions of law not raised in the court below, by an amendment to the original petition, adding certain averments and a prayer that the "entire return may be thrown out."

2. Assignments of error on an appeal in an election contest, will not be considered, where they fail to set out the matter complained of in totidem verbis, or to indicate the page in the paper-book or appendix where the matter included may be found.

3. On such an appeal, if the material instances wherein the master and the court below differ, involve findings or statements of fact by the latter, such findings or statements must be accepted by the appellate court.

Argued Feb. 25, 1919. Appeal, No. 290, Jan. T., 1919, by Noah Thomas, Jacob Yerka et al., from order of Q. S. Lackawanna Co., Dec. T., 1918, No. 122, sustaining exceptions to master's report In re Contested Election of Thomas Padden. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and KEPHART, JJ. Affirmed.

Petition in election contest.

The case was referred to Henry Needle, Esq., as examiner, who reported in favor of the contestant. Exceptions to his report were sustained, and an order was entered in favor of the respondent. Petitioners for the contest appealed.

*Errors assigned* were the decree, and various rulings as to the qualifications and disqualifications of voters.

*A. A. Vosburg*, with him *A. S. Prokopovitch*, for appellants.

*David J. Reedy*, with him *R. W. Rymer* and *M. J. Martin*, for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, March 17, 1919:

After the November election, 1915, Thomas Padden was duly certified as elected a member of council, on the Democratic and Lower Tax tickets, from the Third Ward of Dickson City Borough; whereupon Anthony Shonieszka, the Republican candidate, entered a contest in the court below. An examiner was appointed, who reported that contestant had been chosen by a majority of one vote; exceptions filed by Padden were sustained, and the court entered a decree adjudging him entitled to the office; the petitioners for the contest have appealed.

Appellants assert that the election, as conducted, violated the law in several respects; they ask that it be declared void and set aside. Such relief was not prayed in the court below; but, when the case was called for argument before us, a petition was presented requesting that an amendment to the original petition for contest, adding certain averments and a prayer that the "entire return may be thrown out," should be allowed at bar. No authority justifying this most unusual application has been cited, and it will not be granted; nor shall

we discuss the several reasons urged by appellant in support thereof, for none of them is appropriate to any specification of error.

Not an assignment, except the first, which recites the final decree, is in due form; most of them are defective in failing to set out the matter complained of in totidem verbis, and none indicates the page in the paper-book or appendix where the matter included may be found. Under the circumstances, we shall not discuss in detail any of the subjects attempted to be brought up by these faulty assignments; but simply state that a thorough examination of such parts of the record as are properly before us (see Foy's Election, 228 Pa. 14, 16; Cramer's Election, 248 Pa. 208, 211; Pfaff v. Bacon, 249 Pa. 297, 308) do not show reversible error. The material instances where the master and the court below differ involve findings or statements of fact by the latter, which must be accepted by us.

The appeal is dismissed at cost of appellants.