# Haverford Township Election.

*Election law—Petition—Qualifications of petitioners—Number of petitioners.*

1. Complaint cannot be made, on an appeal in an election contest, as to the qualification and number of the petitioners, where, although it is averred generally in the answer to the petition that the signers of the petition were not duly qualified, there is no specification of the persons alleged to be disqualified, nor averment or

proof that those objected to were sufficient in number to reduce the petitioners to less than the twenty-five required by the act of assembly.

*Election law—Appeal—Presumption as to regularity—Recount—Opening ballot box—Discretion of court—No exceptions—Admissions.*

2. The court of quarter sessions has the power to order the recount of the ballots of an election when the necessity is apparent.

3. Such recount may be ordered in the discretion of the court, even though no contest has been instituted, where palpable mistake in election returns is charged, and the court is convinced that such action is required so that the true result may be ascertained.

4. If the election records indicate that a recount is requisite, or if evidence is produced which leads to this conclusion, then the box may be called for and ballots retallied.

5. Power is given to compel the bringing of the box into court, as well as the officers who conducted the election and made the return.

6. Such officers may be called upon to testify by the court, should it be in doubt as to the wisdom of ordering the box to be reopened, but there is no requirement that they must be, since the return sheet, or other evidence, may indicate such likelihood of mistake as to make its opening necessary.

7. The physical condition of the ballot box when produced, or proof of facts disclosing the probability of improper access to it after the election, must be considered by the trial judge in determining whether it has been tampered with.

8. If, in such case, the likelihood of the commission of fraud appears, the court should properly refuse to accept the contents as verity, but should accept the returns as made by the duly elected officials.

9. Although the election officers are presumed to have acted properly and in good faith, and their return to be accurate, yet the legal conclusion is overcome when it appears from the ballots themselves that a mistake was made.

10. Where, on an appeal in an election contest, the correctness of the findings of fact, the sufficiency of the proofs on which they rest, and the method by which the conclusions were reached, are not formally complained of, they are to be taken as admittedly correct, and the only question before the appellate court is whether such findings support the judgment entered.

Argued January 12, 1925.    Appeal, No. 164, Jan. T., 1925, by George W. Deaves, from judgment of Q. S.

Delaware Co., Sept. T., 1923, Docket F, page 363, for Wm. J. Fulton, in contest of election of township supervisors for the Third Ward of Haverford Township. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for election contest. Before JOHNSON, P. J. The opinion of the Supreme Court states the facts.

Judgment for Wm. J. Fulton. George W. Deaves appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*John B. Hannum, Jr.,* and *E. Wallace Chadwick,* for appellant, cited: McCullough's Election, 12 Phila. 570; McClune's Election, 29 Pa. Dist. R. 718; Foy's Election, 228 Pa. 14.

*William C. Alexander,* for appellees, cited: Zacharias's Election, 3 Pa. C. C. R. 656; Pfaff v. Bacon, 249 Pa. 297; Hand's Case, 266 Pa. 277; Plains Twp. Election Returns, 280 Pa. 520; Carbondale's Election, 280 Pa. 159.

OPINION BY MR. JUSTICE SADLER, March 16, 1925:

At an election held on November 6, 1923, in the Third Ward of Haverford Township, Delaware County, candidates for township commissioner were nominated, and the returns showed 312 votes for Deaves and 285 for Fulton. A dispute arose at the time of counting the ballots as to the manner of computation, it being insisted by those representing the one defeated that twenty-six, marked on the Citizens ticket, had not been included in the total, and also that others should have been rejected or were improperly counted in favor of his opponent. This led to the present contest, instituted in a regular manner by thirty-four electors. In the answer filed, on

behalf of Deaves, it was averred generally that the signers of the petition were not duly qualified, but no specification of the persons alleged to be improperly joined appeared, nor was it stated, or any attempt subsequently made to prove, that those objected to were sufficient in number to reduce the petitioners to less than the twenty-five required by the act of assembly. Complaint now made on this ground is, therefore, without merit.

The number of ballots cast at the election in question was 638, and the addition of totals returned for both Deaves and Fulton showed a considerable discrepancy. This may have been accounted for by the failure of certain voters to mark for either candidate, by the rejection of ballots improperly marked, or an unintentional mistake in computation by the officers in charge. It was on the last theory that the present contest was based. A watcher at the election testified as to the number of votes polled, the manner of counting them, and the error in failing to include the straight Citizens Party ballots in the tally, as well as other matters, though no claim was made of any fraudulent conduct. The averment of mistake found prima facie justification in the difference between the number of votes shown by the return sheet as cast and the total credited to the two candidates.

Against the protest of Deaves, and without calling as witnesses the election officers, the trial judge directed that the ballot box be produced, and its contents examined to determine whether or not a correct certification had been made. That the court has the power to order a recount, when the necessity is apparent, cannot be questioned. This may be ordered, in its discretion, even though no contest has been instituted, where palpable mistake in election returns is charged, and it is convinced that such action is required so that the true result may be ascertained: Carbondale's Election, 280 Pa. 159. If the records themselves indicate this to be requisite, or if evidence is produced which leads to

that conclusion, then the box may be called for and the ballots retallied. Power is given to compel the bringing into court of it, as well as the officers who conducted the election and made the return, and they may be called upon to testify, should the trial judge be in doubt as to the wisdom of ordering the box to be reopened, but there is no requirement that they must be, since the return sheet, or other evidence, may indicate such likelihood of mistake as to make its opening necessary. The first and second assignments of error, which complain that the recount, in the present case, was permitted without preliminary examination of the election officials, cannot therefore be sustained.

When the box was opened, 638 ballots were found, and the computation of the votes showed 622 marked for township commissioner. Six of these were disputed, but the determination made by the court, as to the candidate for whom they should have been counted, is not the subject of assignment of error here. Appellant insists that the twenty-six straight Citizens Party tickets, where the name of Fulton appeared as a candidate, and found upon reëxamination of the contents of the box, had been taken into consideration originally by the election officers, and were included in the total of 285 returned for him. This conclusion is negatived by the papers themselves. It is urged, however, that fifteen or more ballots had not been marked for either candidate, as observed by witnesses present at the time of the original tally, and hence it must follow that some changes occurred in the ballot box prior to the time of its reopening. The position of appellant is said to be further sustained by the fact that the papers when removed were not in the same location as that in which they were placed originally by the election officers, and two of the marked ballots were found in a package of those unused, which had been separately wrapped and fastened with a string.

It is therefore contended the box must have been tampered with between the time of the count and the hearing in court, though no direct allegation that this occurred is made.  Before determining the number of legal votes cast for the respective candidates, the court below received testimony to show the possibility of such fraud, hearing all witnesses presented by both parties interested.  It appeared from the evidence produced that, after completion of the work by the election officers, the box was tied and sealed, as required by law, the key being retained by the judge.  The receptacle itself was placed in a closed room in the town hall, and was taken by him the following day to the office of the "nearest justice of the peace," and there delivered to a member of the latter's family, where it remained under his control until taken by order to the county seat.  When brought into court, all of the strings and seals were intact, and the key was then furnished by the proper official, and opened under the direction of the trial judge. There is nothing to indicate any intermediate opening of it, unless it is to be inferred from the presence of two marked ballots in the package of those unused, the difference in location of the papers in the box when taken out as compared with that testified to by the officials as having been the order in which they were deposited therein, and the testimony that more ballots had been passed upon by the board as unmarked than were found in this condition upon the recount.

It is undoubtedly true that, in such proceedings, the physical condition of the box when produced, or proof of facts disclosing the probability of improper access to it after the election, must be considered by the trial judge in determining whether it has been tampered with. If the likelihood of the commission of fraud appears, it would properly, in the exercise of judicial discretion, refuse to accept the contents as verity, but would consider the return as made by the duly elected officials, the parties having reserved to them, of course, the right of contest.  We cannot say, however, that any facts were

made evident here to justify such conclusion; on the contrary, the recount clearly indicated that a mistake had been made originally in the failure to include in the tally the straight ballots of the Citizens Party.

As to the other challenged votes, there was practically no dispute in the counting, excepting one, where the testimony might have justified a finding that it had been altered to the benefit of Fulton.    But evidence was not of such a character as to establish that error was committed in including it in the computation made. Though the regularly chosen officers are presumed to have acted properly and in good faith, and their return to be accurate, yet this legal conclusion is overcome when it appears from the ballots themselves that a mistake was made.    Apparently the twenty-six Citizens Party votes were not included in the total reached on election night, and two marked as straight Republican, but also for Fulton, were not credited to the latter. The decision of the court is not seriously questioned as to the remaining four.

It will be noted that the assignments of error, except one and two already disposed of, refer solely to the final decree of the court, awarding the certificate of election to the contestant.    The correctness of the findings of fact, the sufficiency of the proofs on which they rest, and the method by which the conclusions were reached, are not formally complained of, and are therefore to be taken as admittedly correct.    The only question for us to determine is whether they support the judgment entered: Atlas Portland Cement Co. v. American B. & C. Co., 280 Pa. 449, 452; Plains Township Election Returns, 280 Pa. 520.    The record has been read with care, and we cannot say that the decree was without justification. Though the conduct of the trial is a fair subject of criticism by counsel for appellant, yet no reversible error has been pointed out, and therefore the order must be sustained.

The assignments of error are overruled, and the order of the court below is affirmed at appellant's cost.