# Ellwood City Borough's Contested Election.

*Election law—Election contest—Opening of ballot box—Appeals —Certiorari—Discretion — Power of court — Presumption — Affidavits of unregistered voters.*

1. Whether or not a ballot box will be opened is within the sound discretion of the court, and the findings of fact by the court below must be accepted by the appellate court unless clear abuse of discretion be shown.

2. It will be presumed the returns of the election board were regular, and the election officers properly and in good faith performed their duties.

3. When no fraud is shown, mere irregularities in the conduct of an election, not affecting the result, will not be sufficient to justify or require the rejection of the entire vote of an election district, even though the circumstances may be such as to subject the officers to punishment.

4. An appeal in a contested election is in effect merely a certiorari to the appellate court, and the inspection and review of the record in that court, is limited to determining whether or not the court below exceeded its power or abused its discretion.

5. There is no statutory provision designating the manner in which ballots are to be handled and counted by election officers.

6. If the judge of an election reads aloud the names of the candidates voted for and announces the vote for each candidate, the manner in which the ballots are sorted, counted and inserted in the tally sheets is immaterial, if in these respects the procedure followed is reasonably calculated to produce accuracy in the count, and not contrary to the act of assembly.

7. In an election contest the court will not consider as material an objection to the improper form of affidavits required as to non-registered voters, when the total number of such affidavits is negligible, and will not affect the result.

*Election law — Nomination papers — Nomination certificate — Filing—Time—Common pleas—Quarter sessions—Jurisdiction — Acts of June 10, 1893, P. L. 419; July 9, 1919, P. L. 882; July 10, 1919, P. L. 882; May 20, 1921 P. L. 958.*

8. Jurisdiction to determine the question as to form and validity of nomination certificates is vested exclusively in the common pleas by the Act of July 10, 1919, P. L. 882. No such question can be raised for the first time in the quarter sessions in an election contest.

9. Where a substituted nomination for burgess is filed on October 14th and the election is held on November 3d, it is filed within the twenty days as provided by the Act of July 10, 1919, P. L. 882, which enacts that in determining any period of time mentioned in the act, the day on which the paper is required to be filed shall be excluded and the day of election included in the calculation.

10. In such case although the Act of May 20, 1921, P. L. 958, is silent as to how the computation of the twenty days shall be made, the method of computation is regulated by the general election law of June 10, 1893, P. L. 419, as amended by the Act of July 9, 1919, P. L. 382.

Argued March 18, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 40, March T., 1926, by A. F. Laiben et al., petitioners, from order of Q. S. Lawrence Co., Sept. T., 1925, No. 242, dismissing petition in election contest to open ballot box and recount votes, in case of Ellwood City Borough's Contested Election. Affirmed.

Petition in election contest to open ballot box and recount votes. Before EMERY, P. J.

The opinion of the Supreme Court states the facts.

Petition dismissed. A. F. Laiben et al., petitioners, appealed.

*Error assigned* was, inter alia, order, quoting record.

*A. M. Graham,* of *Graham, Matthews & Kraus,* with him *James W. Rhodes,* for appellant.—It was an abuse of judicial discretion in an election contest to refuse to open a ballot box, recount votes and make proper return thereof when testimony was taken and irregularities shown: Zacharia's Contested Election, 3 Pa. C. C. R. 656; Foy's Election, 228 Pa. 14; Snodgrass's Case, 267 Pa. 494.

*W. Walter Braham,* with him *Robert K. Aiken, James A. Chambers* and *Randall B. Luke,* for appellee.—The

trial court committed no breach of discretion in dismissing the petition after full hearing of petitioners' case without opening the ballot box: Warren Borough Election, 274 Pa. 352; Zerby v. Snare, 107 Pa. 183; Jenkinson's Contested Election, 7 Pa. Dist. R. 598; Fish's Election, 273 Pa. 410; Krickbaum's Contested Election, 221 Pa. 521; Von Moss's Election, 219 Pa. 453; Haverford Twp. Election, 282 Pa. 504; Snodgrass's Case, 267 Pa. 494.

OPINION BY MR. JUSTICE FRAZER, April 12, 1926:

At a municipal election held November 3, 1925, in the Borough of Ellwood City, Lawrence County, D. A. Evans received for the office of burgess 1,624 votes, and Ben G. Swick 1,489 votes, a majority of 135 for the former. Subsequently a petition of contest was filed in the court of quarter sessions, alleging the election was conducted illegally, and that the returns from the Fourth Ward of the Borough were false and fraudulent. The irregularities charged as having been committed in that ward were: permitting persons to vote whose names were not on the assessor's list; allowing persons other than the voter to deposit ballots in the box; that the ballots were improperly counted; that the overseers of election were not present during the entire counting of the ballots; that one member of the board had a wager on the result of the election; and that Evans received in the Fourth Ward 137 votes, and in the entire borough 357 votes on the Democratic ticket to which he was not entitled to have counted in his favor. Petitioners pray that the ballot box of the Fourth Ward be brought into court and opened and a recount ordered.

The answer denied the allegations of the petition, and after hearing testimony the court below refused to open the ballot box and dismissed the petition because petitioners failed to establish a case of wrongdoing on the part of the election officers. A. F. Laiben, one of the

signers to the petition of contest, appealed, on behalf of himself and other petitioners.

Whether or not a ballot box will be opened is within the sound discretion of the court (Pfaff v. Bacon, 249 Pa. 297), and the findings of fact of the court below in such cases must be accepted by the appellate court, unless clear abuse of discretion be shown: Padden's Contested Election, 264 Pa. 183; Pfaff v. Bacon, supra, 301. It will be presumed the returns of the election board were regular and the election officers properly and in good faith performed the duties imposed on them: Haverford Township Election, 282 Pa. 504.

We have frequently held, where no actual fraud is shown, mere irregularities in the conduct of an election, not affecting the result, will not be sufficient to justify or require the rejection of the entire vote of an election district, even though the circumstances may be such as to subject the officers to punishment: Krickbaum's Election, 221 Pa. 521, 528.

An appeal in a contested election case is in effect merely a certiorari to this court, and our inspection and review of the record, in such cases, is limited to determining whether or not the court below exceeded its power or abused its discretion: Von Moss's Election, 219 Pa. 453.

An examination of the record, tested by the above decisions, fails to disclose facts warranting the conclusion that the court abused its discretion in refusing to open the ballot box of the ward named. The chief complaint is that the ballots in that ward were not properly counted; that they were classified and placed in separate groups by the election officers, and that, instead of calling off all names on each ballot as taken up by the judge of election, the name of one candidate on each ballot at a time was called and the vote for that candidate tallied, this course being followed in computing the votes received by the other candidates until all ballots had been counted. Appellants complain that by this

mode of counting the inspector was prevented from ascertaining whether the marks on the ballots were being properly called off to be tallied. Why this manner of counting interfered with the inspectors' rights does not appear. We are not aware of any statutory provision designating the manner in which ballots are to be handled and counted by election officers. The judge of election is required to read aloud the names of the candidates voted for on the ballots and announce the vote for each candidate; if this provision is complied with, the manner in which the ballots are sorted, counted and inserted on the tally sheets, is immaterial, if in other respects the procedure followed is reasonably calculated to produce accuracy in the count and is not contrary to the act of assembly. Here the record is devoid of proof of fraud or intentional wrongdoing. The evidence relied upon to show irregularities is exceedingly meagre and the court below properly summarized the situation in the following language: "There was some showing that there were irregularities in the count but the court was convinced that there were no more irregularities than were doubtless committed by most election boards in the county. The testimony of the overseers was that they observed the calling of the ballots throughout the greater part of the night and saw no ballots improperly counted and saw no attempt to make an improper count. There was absolutely no proof adduced as to any wager made by any member of the election board. The overseers testified that they had been there the greater part of the time when the ballots were counted and went home for a meal confident that the election was being conducted regularly. The only proof as to the placing of the ballots in the box by other persons than those voting, was that one girl who had assisted her crippled mother to mark her ballot placed the ballot in the ballot box. After careful review of the testimony the court could see no fraud shown and no possibility of a change in the result if the ballot box were opened." Unques-

tionably the evidence fully warranted the foregoing finding.

As to the board receiving votes of persons not on the registry list without requiring proper affidavits to be made, the court below found, and the evidence fully sustains the findings, that in a few cases the affidavits required of nonregistered voters were not fully made out owing to failure to fill in all blanks on the forms provided for such cases. There was no proof for whom these persons voted or that they were not residents of the ward. The total number of defective affidavits was so small as to be negligible and could not possibly change the result of the election if the ballots of all such persons were found to be in favor of Evans.

Appellants also complain of the refusal of the court to permit testimony to show the nomination certificate of D. A. Evans, as the substitute candidate of the Democratic party, was not in the form required by the rules of that party, and that, if votes received by him as that party's candidate for the office of burgess had not been counted, the result would have been that Swick's total vote in the borough would have exceeded that of his opponent. We held in Von Moss's Election, 219 Pa. 453, 456, that jurisdiction to determine questions as to form and validity of nomination certificates is by statute (Act of July 10, 1919, P. L. 882, section 2) vested exclusively in the court of common pleas of the proper county by objection filed to the certificate in that court, and not in the quarter sessions. As no action of this character was taken, as required by the statute, the court in this proceeding properly refused to consider this objection.

Appellants also complain that the substituted nomination certificate of Evans, as the Democratic candidate for burgess, was not filed in the office of the county commissioners within the time required by Act of May 20, 1921, P. L. 958, which provides such certificates shall be filed twenty days before election day. The certificate

objected to was filed October 14th and the election held November 3d. While the Act of 1921 is silent as to the method of computing the twenty days required by the act, the provision referred to is part of the general election system of the Commonwealth provided by the Act of June 10, 1893, P. L. 419, section 5 of which, as amended by the Act of July 9, 1919, P. L. 382, provides that, in determining any period of time mentioned in the act, the day on which the paper is required to be filed shall be excluded and the day of election included in the calculation. Tested by this rule, the certificate here in question was filed in time: Alexander's Petition, 280 Pa. 209.

We find no error in the record and no abuse of discretion on the part of the court below.

The decree is affirmed at costs of appellants.