## Derringe v. Walton et al.

P. H. *Burke* and M. M. *Burke*, for petitioner.

C. E. *Berger*, for respondents.

HICKS, J., Aug. 26, 1929.—Edward Derringe, the petitioner, filed nomination petitions for the office of School Director in West Mahanoy Township on both the Republican and Democratic tickets to be voted upon at the fall primary to be held on Sept. 17, 1929. On Aug. 20, 1929, his withdrawal as a

candidate in writing, signed and "sworn to," was presented to the county commissioners, who refused to permit the withdrawal upon the ground that Aug. 19, 1929, was the last day for the filing of withdrawals. Thereupon, a petition being presented therefor, a rule was awarded by this court, directed to the respondents, to show cause why the withdrawal "should not be filed" and "petitioner's name be withheld from printing for said office for the election on September 17, 1929." No answer was filed.

Only one question was argued by counsel for both parties in their written briefs (no oral argument being had): whether Aug. 19, 1929, was the last day for filing withdrawals? It is urged by the petitioner that Aug. 20, 1929, was the last day, based upon his assertion that Aug. 13, 1929, was the last day for filing nomination petitions.

Nothing can result from whatever conclusion may be reached in this case on this question except to add to the utter confusion, seemingly hopeless, which already exists in the law of this State relating to the computation of time, as will readily appear by a study of the cases herein referred to. This seems to have arisen in applying an arbitrary rule of interpretation, no matter how clear the meaning of the words used to denote a period of time.

To determine when the last day was for filing withdrawals, one must first determine the last day for filing nomination petitions, because section 2 of the amendatory Act of April 29, 1925, P. L. 361, 363, authorizes candidates to withdraw "at any time before 4 o'clock of the seventh day next succeeding the last day fixed for filing nomination petitions." Petitioner admits, at least inferentially, that if Aug. 12, 1929, was the last day for filing nomination petitions, then his withdrawal was presented too late. When was the last day for filing nomination petitions?

The Act of April 23, 1927, P. L. 373, requires that petitions for nominations, which must be filed with the county commissioners, shall be filed "at least five weeks before the primary election," which will be held this year on Sept. 17, 1929. The petitioner contends that Aug. 13th was "at least five weeks before" Sept. 17, 1929, while the respondents contend Aug. 12th. The rule of computation of the petitioner excludes the first and includes the last day, while that of the respondents excludes both.

If we were construing the general election laws of the Act of June 10, 1893, P. L. 419, as amended by the Act of July 9, 1919, P. L. 832, as well as the Acts of May 20, 1921, P. L. 958, and April 18, 1923, P. L. 67, we would have no difficulty, since in both the Acts of 1893 and 1919, supra, a rule for computation of time is statutorily defined for time expressions such as "at least —— days before" and "at least —— days previous," the day of filing to be excluded and the day of election to be included, and in construing the Act of 1921, supra, in Ellwood City Borough's Contested Election, 286 Pa. 257, 262, 263, and the Act of 1923, supra, in Alexander's Petition, 280 Pa. 209, 211, the Supreme Court declared the rule of computation, prescribed in the Act of 1919, supra, applicable. But these acts and the decisions just noted relate and apply solely and alone to the general election law and not to the primary election law.

The Act of 1883, P. L. 136, entitled, "An act to regulate the computation of time under statutes, rules, orders and decrees of court, . . . " provides:

"Section 1. Where . . . by any law . . . the . . . doing of any act . . . shall be ordered . . . and the period of time or duration for . . . doing . . . shall be prescribed, . . . such time shall be so computed as to exclude the first and include the last days of any such prescribed . . . period, or duration of time. . . ." The petitioner urges the application of this statute. The Act

of 1927, *supra*, requires the filing of petitions for nominations "at least five weeks before" Sept. 17, 1929 (primary election day in 1929). If the Act of 1883, *supra*, applies, the contention of the petitioner on the question involved is correct.

"At least" is defined in 5 Corpus Juris, 1438, as: "An adverbial phrase meaning at the lowest estimate; at the smallest concession or claim; in the smallest or lowest degree; at the smallest number;" and "before" is defined in 7 Corpus Juris, 1027, as: "Earlier than; previous to." From the plain meaning of the phrase—"at least five weeks before the primary election"—it appears that five weeks is the smallest length of time previous to the primary or, in other words, five full, clear weeks must intervene between the filing of the nomination petition and the primary, hence, excluding both terminal days. And this accords with what we believe is the weight of authority. See 5 Corpus Juris, 1438, note 81 *(c)*, citing Gregg's Estate, 213 Pa. 260, 263.

In Gregg's Estate, *supra*, the Supreme Court construed the 11th section of the Act of April 26, 1855, P. L. 328, providing, *inter alia*, that no estate shall be bequeathed in trust for religious or charitable uses except the same be done by will "at least one calendar month before" the testator's death. The will was executed between the hours of 3 and 5 o'clock P. M., Oct. 8th, and the testatrix died between the hours of 7 and 8 o'clock P. M., Nov. 8, 1899. Justice Brown, on page 263, held, as the calendar *month to elapse between* the date of the will's execution and the death of the testatrix was one of thirty-one days, the bequest was void, unless, *after* the will was executed, "at least" that number of days *intervened before* the testatrix's death. The court continued, on pages 263 and 264, as follows: "The fiction of the law that a day has no fractions yields at times, when equity requires that hours be counted, or that the exact time a thing is done be noted, but never when the duration of time, as fixed by the statute, is free from all doubt. 'At least one calendar month' must elapse between the execution of a will containing a charitable bequest and the death of the testator, if the bequest is to be valid. The meaning of the words 'at least' is 'in the smallest or lowest degree; at the lowest estimate, or at the smallest concession or claim; at the smallest number:' 4 Cyc. of Law and Proc., 366. In declaring that 'at least one calendar month' must elapse between the execution of a will containing a charitable bequest and the death of the testator, the manifest meaning of the statute is that such a month must fully elapse between the dates of the two events. A calendar month is made up of days—in this case, of thirty-one days. These are full, clear thirty-one days, not thirty days and fractions of two other days, making in hours another day, and, with the other thirty, thirty-one days, but thirty-one separate and independent days, the first beginning when Oct. 8th ended, at midnight, and the last ending at the close of Nov. 8th, at midnight. . . . 'When so many 'clear days' or so many days 'at least' are given to do an act, or 'not less than' so many days must intervene, both the terminal days are excluded:' Endlich on Interpretation of Statutes, § 391." In the foregoing case, both terminal dates were excluded, and we accept the interpretation of the phrase "at least" in that case as controlling in this.

We are aware that the case of Rich *v.* Boguszinsky, 88 Pa. Superior Ct. 586, is at complete variance with the Gregg Estate case, *supra*, in the interpretation of identical language. In the latter case, the Supreme Court excluded both terminal days in computing "at least a calendar month before the death," while in the former, the Superior Court excluded the first and included the last in computing "at least one month before the filing of the claim." The Supreme Court refused to apply the rule of the Act of 1883, *supra*, while the

Superior Court applied it. The Superior Court case followed the case of Herr v. Moss Cigar Co., 237 Pa. 252, but in the latter case the statutory provision that an agreement waiving the filing of mechanics' liens should be filed "within ten days after" its execution is entirely different phraseology from that considered either in the Rich v. Boguszinsky case, *supra*, or the instant case. Certainly the direction to do an act "within ten days" after another act requires a different rule of interpretation than the doing of an act "at least one month before" a day or event. The Superior Court was interpreting the words, "such notice must be served at least one month before the claim is filed." But the Superior Court applied the same rule, the Act of 1883, *supra*, distinguishing that case from the Gregg Estate case, *supra*, with the observation that in their case the mechanics' lien law was being construed, while in the Gregg case estates held for corporate, religious and charitable uses were being interpreted. Why the difference of subject-matter should require contrary interpretations of the same words is not apparent. The same language was the subject of interpretation in both cases; both decisions cannot be correct, and from the very plain meaning of the words "at least," as well as the authority of the Supreme Court, we cannot follow the Superior Court case.

We adopt the rule that when so many days "at least" are given to do an act, or not less than so many days must intervene before an act is done, both the terminal days are excluded, and this rule has not been changed by the Act of 1883, *supra*: Biever v. Troianno, 2 D. & C. 487. "At least five weeks before the primary election" contemplates five full, clear weeks, to the computation of which the Act of 1883 does not apply: 38 Cyc., 317; Wilver v. Keim, 8 D. & C. 56; Clarke v. Clarke, 7 D. & C. 35; In re Bayne, 69 N. Y. Misc. 579, 127 N. Y. Supp. 915; 20 Corpus Juris, 130, note 29. We cannot agree with the contrary view as expressed in Hughes v. Swartz, 30 Dist. R. 715.

Applying the rule adopted by us, excluding Sept. 17th, the day of the primary, sixteen days remain in September, and taking nineteen days out of August to make thirty-five days or full five weeks, we have Aug. 12, 1929, as the last day on which to file petitions for nomination, and, hence, the seventh day next succeeding would be Aug. 19, 1929, as the last day for filing withdrawals.

We have come to the foregoing conclusion notwithstanding the practice this year in the County of Philadelphia, where Aug. 13, 1929, was considered the last day for filing nomination petitions and Aug. 20, 1929, for filing withdrawals, as counsel for petitioner informs us. We are also acquainted with the case of Skahan et al. v. Holmes et al., County Commissioners, 9 D. & C. 435, in that county, wherein Gordon, Jr., J., decided, inferentially at least, that Aug. 16, 1927, was the last day for filing in that year, as being at least five weeks before Sept. 20, 1927, the day of the primary. We have diligently canvassed all the relevant cases and cannot agree that, in computing the time when an act shall be done "at least five weeks before" a day certain, the first day shall be excluded and the last day included. To include the last day does not put that day "before" the last day.

Counsel for petitioner also cites the case of "Certificate of Nomination," 12 Pa. C. C. Reps. 157. This case does not apply, as it was one of computation under the election laws, which statutorily prescribe the rule of computation: Alexander's Petition, *supra*, and Ellwood City Borough's Contested Election, *supra*.

It may be noted, too, that the withdrawal in this case is not in the form required by the Act of April 29, 1925, P. L. 361, 363. The withdrawal, a copy

86

of which is attached to the petition for the rule, is not "acknowledged." It was "sworn to." The Act of 1925, *supra*, provides that the withdrawal must be in writing, signed by the candidate and "acknowledged" before a notary public or justice of the peace. An affidavit is not an acknowledgment.

For the reasons hereinbefore set forth, the rule must be discharged.

The rule to show cause why the withdrawal should not be filed and petitioner's name be withheld from printing for the primary election of 1929 is hereby discharged, at the cost of the petitioner.