## Commonwealth v. Deppen

*E. Leroy Keen,* assistant district attorney, and *Carl B. Shelley,* district attorney, for Commonwealth.

*A. Ross Walter,* for defendant.

WOODSIDE, J., October 2, 1944.—This comes before us on a motion to quash an indictment found May 20, 1937. Information charging defendant with felonious entry and larceny was made against him by a Harrisburg police officer, and contained the following: "that from information received which he believes to be true, one William H. Deppen, in the city and county aforesaid, on or about April 5, 1937, wilfully, maliciously and feloniously did break and enter into a certain building occupied by Kingan & Co. located at 425 South Second Street in said city, and while then and there feloniously did take, steal and carry away seven 50-pound cans of lard commonly known as Covo, all to a total value of $49, more or less, the property of the said Kingan & Co., and did appropriate and convert the same to his own use and benefit, contrary to the act of General Assembly in such cases made and provided."

The transcript from the alderman's docket shows the following: "May 20, 1937—After diligent search in the jurisdiction defendant is unable to be located and apprehended and is hereby declared to be a fugitive from justice."

On the indictment under "Witnesses" are three names: "Arthur Fields, Pros.", "Warren Zimmerman" and "Ray M. Dague". The typewritten name of Zimmerman has an ink line through it and written in ink under it is: "Ex. from Grand Jury". It is admitted that

Ray M. Dague, written in pencil, was not a witness and was merely part of a memo of the district attorney's office. From this defendant asks us to conclude, first, that Arthur Fields was the only witness to appear before the grand jury; and, secondly, that he had no knowledge of the crime because the information signed by him was made on information and belief. Then from this we are further to conclude that there was no testimony upon which the grand jury could find a true bill and therefore to quash the indictment.

Only those witnesses "whose name may be marked by the District Attorney on the Bill of Indictment" can be sworn by a member of the grand jury: Act of March 31, 1860, P. L. 427, sec. 10, 19 PS §731; Jillard v. Commonwealth, 26 Pa. 169 (1856) ; and if the grand jury hear a witness whose name is not on the indictment and who has not been sworn by the court the indictment should be quashed: Commonwealth v. Price, 3 Pa. C. C. 175 (1887) ; Commonwealth v. Wilson, 9 Pa. C. C. 24 (1889).

To conclude that there was no evidence before the grand jury to indict defendant we must be satisfied from the record that Zimmerman, whose name was on the bill, did not testify; that no person was sworn by the court to testify; and that the prosecutor, Fields, produced no evidence upon which an indictment could be based. Even assuming that Zimmerman did not testify, there is still not even an allegation that no witness was sworn by the court. Furthermore, is it proper for us to conclude that the witness who admittedly did appear before the grand jury had no evidence upon which an indictment could be based? He may have had personal knowledge in addition to his "information received". Even after he swore to the information he may have gotten personal knowledge of the case upon which an indictment could be found. Subsequent comparison of fingerprints found at the scene with those known to have been defendant's and finding some of the stolen property in the room of defendant come to mind as pos-

sible evidence which may have come into the possession of an investigating officer after making information against defendant.

The law presumes men charged with a duty to have done their duty: Safe Deposit Bank of Pottsville v. Schuylkill County, 190 Pa. 188 (1899), and that their proceedings are regular: Election Contest of Burgess, Ellwood City Borough's Contested Election, 286 Pa. 257. The presumption is that the action of the grand jury was regular.

Defendant further argues that the indictment should be quashed because it was founded upon an information made upon information received "without disclosing either the name of the informant, or what the information was that was received by the affiant, or that the same was stated to be true to the best of the knowledge, information, and belief of the affiant, in violation of section 8 of article I of the Constitution of Pennsylvania".

Article I, sec. 8, of the Constitution of Pennsylvania provides:

"The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant."

A warrant issued from common rumor and report violates the Constitution: Conner v. Commonwealth, 3 Binney 38 (1810) ; and so does an information based only on "information received" without setting forth that the information was believed, or what it was, or from whom it came: Commonwealth v. Roland, 10 Dist. R. 410 (Lancaster, 1900).

The information here was made upon that which the prosecutor "believed to be true".

If we were to follow the opinions of this court in Commonwealth v. Glosser, 37 Dauph. 282 (1933), Commonwealth v. Suciu, 40 Dauph. 98 (1934), and Com-

monwealth v. Carpenter, 40 Dauph. 101 (1934), we would quash the indictment. But after a very careful study of those cases and of the appellate court cases, both prior and subsequent to the said opinions of this court, we are convinced that this indictment should not be quashed.

In Commonwealth v. Glosser, supra, the court, in an opinion written by Judge Fox, said (p. 286) :

"In the case of Green v. Commonwealth, 185 Pa. [6]41, the Supreme Court in dicta said: 'That in an information setting forth certain facts as being true, sworn to by the prosecutor to the best of his knowledge, information and belief is sufficient' and from that we may infer that where the words to the best of his knowledge, information and belief are missing [as in the instant case], it is insufficient". The indictment was quashed even though the information on which it was based did set forth that it was made "on information received which . . . the affiant believes to be true and correct".

Commonwealth v. Suciu, supra, and Commonwealth v. Carpenter, supra, followed the Glosser case, and in each indictments based on information and belief were quashed.

In none of these cases was there any reference to Commonwealth v. Campbell, 22 Pa. Superior Ct. 98, decided in 1903. In that case the record shows the information "was made on information received and which the informant 'verily believes to be true'" (p. 99). The court said (p. 106) : "The warrant was properly issued on the affidavit charging the offense upon information and belief". Nowhere in the information against Campbell, which we examined in the paper books, can be found from whom the affiant received his information, nor that the facts were true "to the best of his knowledge, information and belief".

In Commonwealth v. Strantz, 137 Pa. Superior Ct. 472 (1939), the court said (p. 473) : "A warrant is properly issued on an affidavit charging the offense

upon information and belief". It cited as authority for this the Supreme Court case of Commonwealth v. Green, supra. As this was the very case relied upon in the Glosser case we must conclude that the interpretation placed upon it by this court at that time was erroneous. In the Strantz information, which we also examined in the paper books, it did not appear from whom the affiant received his information, nor did it set forth that the facts were true "to the best of his knowledge, information and belief". In the brief of Strantz submitted to the Superior Court the case of Commonwealth v. Glosser, supra, was cited (p. 8) as authority that the warrant issued on the information violated his constitutional rights, but the Superior Court apparently could not agree with the conclusion of this court as pronounced in the Glosser case.

The Superior Court in the Strantz case and the Campbell case has passed upon informations made on information and belief, not containing the words "to the best of his knowledge", and not naming the person who furnished the information to the affiant. In both cases the court held the information sufficient.

In the case now before us the information is based on "information received which he believes to be true". In the Campbell case the information set forth the affiant "was informed and verily believes". We can make no distinction between these two. Both are on "information and belief".

The tendency is to become less technical, and the courts are becoming more reluctant to require the use of specific words in pleadings where no harm can result from the use of other than the customary language. Of course, this does not mean that officials can circumvent the requirements of the Constitution. Those in authority should always be alert to avoid using their authority in violation of constitutional provisions. The first 10 amendments to the Federal Constitution and the first article of the State Constitution contain the so-called Bill of Rights, the purpose of which is to protect the individual against his Government and its

agents. Article IV of the amendments to the Constitution of the United States and section 8 of article I of the Constitution of Pennsylvania relate to the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, and provide that no warrant shall issue without probable cause and unless supported by oath or affirmation.

If a law enforcement officer or an individual signs an information based not upon his personal knowledge of the facts, but upon information which he received from others, he must also swear that he *believes* the information he received. If his information is based only on rumor or some sources concerning the reliability of which he is not familiar, he cannot honestly swear that he "believes" the information he received, and if he would so swear he would be guilty of perjury. "The facts disclosed to him should be of such a character and from such a credible source that he can conscientiously swear he believes them to be true": Commonwealth v. Clement, 8 Dist. R. 705, 706 (1898).

The Superior Court has said that the justice issuing a warrant is the authority to be satisfied that probable cause exists: Commonwealth v. Schwartz, 82 Pa. Superior Ct. 369 (1923) ; Commonwealth v. Loesel et al., 155 Pa. Superior Ct. 461 (1944). This places upon the aldermen and justices of the peace a responsibility not to issue any warrant unless they are satisfied that probable cause for the issuance of said warrant exists.

When a warrant is issued on an information made on "information and belief" we assume that the affiant received the information from reliable sources, that he does believe it, and that the alderman or justice issuing the warrant was satisfied that probable cause existed.

Insofar as they are at variance with this opinion, we specifically overrule the cases of Commonwealth v. Glosser, supra, Commonwealth v. Suciu, supra, and Commonwealth v. Carpenter, supra.

And now, to wit, October 2, 1944, the motion to quash the indictment is overruled.